Saverio MADDALONE,
Plaintiff, Appellant,

v.

OKADA SHOSEN, KK,
Defendant, Appellee.

No. 84–1695.

United States Court of Appeals,
First Circuit.

Argued Jan. 10, 1985.

Decided March 7, 1985.

William N. Batty, Boston, Mass., with whom Steven B. Stein and Law Offices of William N. Batty, Boston, Mass., were on brief for plaintiff, appellant.

James B. Re, Boston, Mass., with whom Thomas H. Walsh, Jr., and Bingham, Dana & Gould, Boston, Mass., were on brief for defendant, appellee.

Before BREYER, ALDRICH and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

This appeal arises from the district court's denial of appellant's motion to amend its complaint, and the subsequent grant of summary judgment for the defendant. For the reasons stated herein, we reverse.

In March, 1980 Saverio Maddalone, a longshoreman employed by I.T.O. Corporation of New England ("ITO"), was injured

while working aboard a vessel owned by defendant Okada Shosen K.K. After filing a claim for compensation pursuant to the Longshoremen and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 933, Maddalone agreed to settle with ITO's workmen's compensation insurer, Liberty Mutual Insurance Company ("Liberty"), for approximately $11,000.

Subsequently a suit was filed against Okada Shosen K.K. on behalf of Liberty, although Maddalone was named as plaintiff on the complaint. Under the LHWCA, once Liberty had fulfilled its settlement obligations to Maddalone, the right to recover against the defendant shipowner was statutorily assigned to Liberty and ITO. The defendant, therefore, moved to dismiss the complaint on grounds that Maddalone was not the real party in interest.

In opposing the motion, Liberty asked leave of the court to amend the complaint to substitute its own name for that of Maddalone. The court denied the request and entered summary judgment for the defendant. Liberty is now barred by the statute of limitations from bringing a new suit in its own name.

■ The Federal Rules of Civil Procedure provide: "Every action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). The court was correct in finding that Maddalone was no longer the real party in interest in this suit. The same rule further states, however:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... substitution of, the real party in interest; and such ... substitution shall have the same effect as if the

action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a). If Liberty were allowed to amend the complaint, then, its suit would not be barred by the statute of limitations.

The federal rule governing amendment of the pleadings is liberal, providing that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Appellant has demonstrated that it will certainly be disadvantaged if leave to amend is not allowed, since the statute of limitations will preclude its suit altogether.

■ There is no substantiated claim that counsel's naming the wrong party plaintiff was done in bad faith. Negligence is not, per se, a bar to a substitution in the absence of any showing of prejudice. Here we note that at least by December 1983, and we would think by October 1983, defendant must have known of the error. While defendant speaks of the "ambiguity" of plaintiff's filings on those dates, there is nothing to show any later event that clarified the ambiguity. In January, 1984 defendant attended a conference at which the case was assigned for trial in March, and only in February did defendant raise the matter of the wrong plaintiff. Delay could not be of any concern to defendant. Nor would there be any other prejudice, unlike *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir.1979), a case otherwise stressing the liberality of Fed.R. Civ.P. 15(a).

*Reversed and remanded.*