**DESIGN AND PRODUCTION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 553–84C.**

United States Claims Court.

May 16, 1986.

Richard K. Webber, Washington, D.C., for plaintiff. Arent, Fox, Kinter, Plotkin & Kahn, of counsel.

Charles R. Gross, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. David M. Cohen, Director, of counsel.

## ORDER ALLOWING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

PHILIP R. MILLER, Judge.

Plaintiff seeks leave to amend its complaint pursuant to RUSCC 15(a) to clarify that its claim for relief includes all items comprising its certified claim, which was denied by the contracting officer. Its demand for $1,031,306 in the complaint would thus include not only an equitable adjustment for the construction of theater walls, but also for theater lighting, accoustical spray, and queuing area construction and painting.

Defendant opposes amendment of the complaint, arguing that plaintiff would circumvent the 12-months statute of limitations of the Contract Disputes Act, 41 U.S.C. § 609(a)(3), by adding claims that have become final and not subject to review. *Id.* § 605(b).

■ Defendant's relies on *LePeck Construction Corp. v. United States*, No. 325–80C, slip op. (Cl.Ct. Oct. 23, 1983) (unpublished order), in which the court denied leave to amend the complaint to include other claims by the contractor arising under the same contract, finding those claims barred by the statute of limitations of 41 U.S.C. § 609(a)(3). That situation is clearly distinguishable. There, the contractor had submitted separate claims under a single contract to the contracting officer, who had accordingly issued numerous decisions. The Contract Disputes Act subjects each claim submitted individually by the contractor to the statute of limitations by providing that the decision of the contracting officer with respect to the claim shall be final unless timely appealed. *Id.* § 605(b). The statute thus makes all submitted claims distinct despite their common contractual origin; having chosen to submit discrete claims, a contractor may not avoid the statutory restriction by amendment.

That is not the case for items comprising a single claim when denial of the claim is timely appealed. RUSCC 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

If the additions of the proposed amendment so "arose", then the statute of limitations poses no barrier. *See generally*, 3 *Moore's Federal Practice*, ¶ 15.15[3]; Wright & Miller, *Federal Practice and Procedure:* Civil §§ 1496–97.

■ It is apparent that plaintiff is not attempting to add new claims, as that term is used by the Contract Disputes Act. It seeks only to specify that the present action includes all the elements of the certified claim denied by the contracting officer. This characterization of the amendment is supported by the fact that the amount claimed in the original pleading, $1,031,306, includes these items and was the amount of the administrative claim submitted and denied. *See United States v. Posner*, 405 F.Supp. 934, 937 (D.Md.1975).

■ Amendment to make more specific the items claimed in the original complaint typically relates back, having arisen from the same "conduct, transaction or occurrence" that the complainant "attempted to set forth" in the original pleading. These items stem from the same factual situation and, more importantly, were the subject of a single claim to, and decision by, the contracting officer. It is obvious that by its complaint, plaintiff sought redress from that adverse decision in its entirety. Allowing this amendment will only make that clear.

■ Defendant asks that the court deny leave to amend because the plaintiff has not given a good reason for excluding these elements explicitly in the complaint. That showing is not necessary. The rules governing the amendment of pleadings state that leave to amend "shall be freely given when justice so requires." RUSCC

15(a). In *Hess v. United States*, 210 Ct.Cl. 483, 537 F.2d 457, 461 (1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977), the Court of Claims said that these rules should be construed liberally, and that leave should be granted "in the absence of any apparent good reason that [it] should be denied * * *." Such reasons include: undue delay, bad faith, dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of the amendment, etc. *See also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). It is for defendant to show why amendment should not be allowed.

 Defendant claims it did not have adequate notice that plaintiff disputed these elements because they were not explicitly presented to the contracting officer in the original certified claim, were added only cryptically in the amended claim, and were not explained in the complaint or pretrial submissions. This argument is without merit. The certified claim, as amended, made clear that equitable adjustment for construction of items other than "theater walls" was sought; that it was so understood is evident from the contracting officer's final decision. Moreover, the original complaint clearly notified defendant that the entire amount denied by the contracting officer was being appealed in the litigation, and plaintiff's pretrial submissions confirm that these items were included. Plaintiff's Response to the Pretrial Order, p. 14, ¶ 9. Defendant's reply indicates its awareness of these claims. Defendant's Response to Plaintiff's Pretrial Submission, p. 19, ¶ 7, 22–23, ¶ 6.

While plaintiff's wording of its complaint was limited, it was not misleading. By appealing the entire amount of its certified claim, it should not have been beyond defendant's expectation that items in addition to theater walls were included. By filing suit, the complainant notifies defendant that the "whole transaction * * * will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement." *Barthel v. Stamm*, 145 F.2d 487, 491 (5th Cir.1944), *cert. denied*, 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1945).

Defendant claims it will be prejudiced because it has undertaken some discovery and has begun preparing for trial, thus additional work will be necessary. The need to take additional discovery, while an inconvenience, does not constitute "prejudice." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 568–69 (3rd Cir.1976). There has not been, nor will there be, undue delay since no trial date has been set. Defendant has failed to show that it has been or will be unduly prejudiced by the amendment, nor given any other reason that leave should be denied.

Accordingly, plaintiff's motion for leave to amend its complaint is ALLOWED.