**AAAA ENTERPRISES, INC., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

No. 414–84C.

United States Claims Court.

June 20, 1986.

Robert W. Cheugh, Columbus, Ohio, for plaintiff; John T. Belton, of counsel.

Charles R. Gross, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant; David M. Cohen, Director, and M. Susan Burnett, Asst. Director, of counsel.

## OPINION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

PHILIP R. MILLER, Judge:

This suit arises from a contract between plaintiff, AAAA Enterprises, Inc. and the United States Air Force. Plaintiff's amended complaint sets forth eleven claims that it submitted to the contracting officer, which were denied in full. Defendant moves for partial summary judgment on the ground that all but four of these claims are barred by the statute of limitations of the Contract Disputes Act. 41 U.S.C. § 609(a). Plaintiff opposes the motion.

Plaintiff was awarded contract F30636–80–C0023 effective August 28, 1980, for the repair of certain petroleum, oil and liquids dikes at Plattsburgh Air Force Base in New York. The contract price was $300,-000. During and after performance, disputes developed concerning the contract and changes thereto issued by the Air Force. Plaintiff submitted numerous claims to the contracting officer, for which final decisions were rendered. At issue in this litigation are eleven of those final decisions:

(1) A decision dated February 28, 1983 concerning unsuitable sand material, received by plaintiff on March 4, 1983.

(2) A decision dated June 14, 1983, concerning overinspection of sand and asphalt, received by plaintiff on June 17, 1983.

(3) A decision dated June 22, 1983, concerning overinspection of U-bolts, sent to plaintiff by certified mail on the same day and received by plaintiff prior to October 11, 1984.

(4) A decision dated August 9, 1983, concerning over-inspection of bentonite, received by plaintiff on August 12, 1983.

(5) A decision dated June 26, 1984, concerning change order P00002, sent to plaintiff by certified mail on the same day and received by plaintiff prior to October 11, 1984.

(6) A decision dated June 27, 1984, concerning delay costs associated with the overinspection of bentonite, received by plaintiff on July 3, 1984.

(7) A decision dated June 28, 1984, concerning interest on slow payments of original contract, and interest on implied contract or second contract or change order under contract clauses and Prompt Payment Act, received by plaintiff on July 3, 1984.

(8) A decision dated June 28, 1984, concerning differing site conditions and compaction, received by plaintiff on July 3, 1984.

(9) A decision dated September 5, 1984, concerning acceleration of work, sent to plaintiff by certified mail on the same day.

(10) A decision dated December 13, 1984, concerning production delay, overall delay, and original work, received by plaintiff on December 17, 1984.

(11) A decision dated January 7, 1985, concerning a change order claim, received by plaintiff on January 11, 1985.

Defendant contends that seven of these claims are barred by the 12-months statute of limitations of the Contract Disputes Act (CDA), 41 U.S.C. § 609(a)(3), and by § 605(b), which provides:

> The contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, of Government agency, unless an appeal or suit is timely commenced as authorized by this chapter.

\* \* \* \* \* \*

The original complaint, filed on August 13, 1984, included only claim (4), on which plaintiff received a final decision on August

12, 1983.[1] The amended complaint, filed on October 11, 1985, added 10 other contract claims. Therefore, defendant argues, claims (1), (2) and (3) were time-barred by the date of the original complaint, and claims (5) through (8) became time-barred in the period between the filing of the original and amended complaints.[2]

In opposition, plaintiff makes two arguments. First, it contends that defendant has waived the statute of limitations because it failed to assert this affirmative defense in its answer to the amended complaint. It relies on the CDA requirement that direct access suits "shall proceed de novo in accordance with the rules of the appropriate court" 41 U.S.C. § 609(a)(3), and on RUSCC 8(c) and 12(b) which provide that affirmative defenses must be made in the pleadings. Second, plaintiff argues that the claims are not barred by limitations because RUSCC 15(c) provides that new claims in an amended complaint "relate back" to the date of the original pleading when they arise from the same conduct, transaction or occurrence. Plaintiff contends these claims so arise because they relate to a single contract.

■ Plaintiff's first argument cannot prevail. In suits against the United States, the statute of limitations is jurisdictional, establishing the period for which the Claims Court has jurisdiction over the subject matter. *Soriano v. United States*, 352 U.S. 270, 273–74, 77 S.Ct. 269, 271–72, 1 L.Ed.2d 306 (1957). The statute of limitations cannot be waived, *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390 (Fed.Cir.1983), and may be raised at any time. RUSCC 12(h)(3).

■ Plaintiff's second argument also must fail. Under the CDA, the relation back doctrine has no automatic application to all contractor claims arising under a single contract. In fact, if they are presented separately to the contracting officer and are the subject of discrete final decisions, the CDA requires just the opposite. That was the conclusion of the Claims Court in *LePeck Construction Corp. v. United States*, No. 325–80C slip op. (Cl.Ct. Oct. 27, 1983) (unpublished order). The court rejected the argument that the timely commencement of an action on any claim will sustain the timeliness of all claims under the same contract that might later follow (*id.*, at 2–3):

> There is no support for such a notion. Indeed, the idea that a cause of action for purposes of a suit is to be defined in terms of an aggregation of claims is squarely at odds with that language of the Act which recognizes the possibility of multiple suits arising under a single contract, the joinder or consolidation of which the court *may* order in the interests of convenience or justice. * * * Clearly then it is the individual claim which defines the minimum boundaries of a suit and not, as plaintiff says, the contract as a whole. The timeliness of an action, therefore, must be measured accordingly.

See also *Design and Production Inc. v. United States*, 10 Cl.Ct. 80 at 81 (1986).

The Contract Disputes Act subjects each claim submitted individually by the contractor to the statute of limitations, *id.*, and further provides that the decision of the contracting officer on the claim "shall be final and conclusive and not subject to review in any forum" unless timely appealed. 41 U.S.C. § 605(b). The statute thus makes all *claims* presented separately to the contracting officer distinct, despite their common contractual origin. Plaintiff may not circumvent the statute by amendment.

---

1. Defendant concedes that although suit was filed one (1) day in excess of the 12-months period, that August 12, 1984 fell on a Sunday, and thus its filing on the next business day makes the claim timely.

2. The parties dispute the date plaintiff received the contracting officer's decision of September 5, 1984. Defendant asserts that it was received before October 11, 1984; plaintiff by affidavit claims receipt on October 25, 1984. Defendant concedes that this dispute removes this claim from consideration by summary judgment.

 Plaintiff attempts to distinguish *Le-Peck* by noting that the court there denied leave to amend, whereas here amendment was permitted. This is a distinction without a difference. This court cannot endow itself with jurisdiction through exercise of its discretion to allow amendments. Permitting joinder of claims that, due to the passage of time, Congress made unreviewable, would be an abuse of discretion. These claims must now be dismissed for lack of jurisdiction. RUSCC 12(h)(3).

 Accordingly, claims (1), (2), (3), (5), (6), (7) and (8) are clearly barred. Plaintiff failed to file suit within 12 months of its receipt of the final decision by the contracting officer on claims (1), (2) and (3), and pursuant to 41 U.S.C. § 609(a)(3), these claims are untimely. Claims (5), (6), (7) and (8) became untimely in the period before the amendment seeking to add them was filed, on October 11, 1985, and are similarly barred.

 Plaintiff also concedes that claim (3) was appealed to the Armed Services Board of Contract Appeals, and "was the subject of an ASBCA decision, reference number 28555." It asks however for reconsideration of that claim. Suit in this court on the claim is prohibited, and plaintiff may only appeal the Board's decision to the U.S. Court of Appeals for the Federal Circuit. 41 U.S.C. § 607(g)(1)(A).

Accordingly, defendant's motion for partial summary judgment is GRANTED as to the claims arising from the following decisions of the contracting officer:

(1) The decision dated February 28, 1983 concerning unsuitable sand material.

(2) The decision dated June 14, 1983, concerning over-inspection of sand and asphalt.

(3) The decision dated June 22, 1983, concerning over-inspection of U-bolts.

(5) The decision dated June 26, 1984, concerning change order P00002.

(6) The decision dated June 27, 1984, concerning delay costs associated with the over-inspection of bentonite.

(7) The decision dated June 28, 1984, concerning interest on slow payments of original contract, and interest on implied contract or second contract or change order under contract clauses and Prompt Payment Act.

(8) The decision dated June 28, 1984, concerning differing site conditions and compaction.

The Clerk is directed to dismiss the complaint as to these claims.