**RALCON, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 159–86C.**

United States Claims Court.

Aug. 14, 1987.

### ORDER

WIESE, Judge.

### ALLOWING AMENDMENT OF COMPLAINT CHALLENGING DEFAULT TERMINATION

This suit, brought here pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982), arises out of a contracting officer's decision to terminate for default plaintiff's contract for the manufacture of navigational equipment for the United States Army. The letter advising plaintiff of the default termination contained a demand by the Government for the return of all unliquidated progress payments.

As initially drawn, Ralcon's complaint (filed here one day prior to the expiration of the one-year limitations period), asked the court to convert the default termination into a termination for convenience and to award plaintiff appropriate damages. Plaintiff now moves to amend the complaint to state an additional request for relief challenging the propriety of the Government's demand for the return of progress payments.[1]

Defendant opposes the motion on the ground that the demand for relief plaintiff seeks to add to the complaint is time-barred. Plaintiff counters that, under RUSCC 15(c), the amended complaint relates back to the filing date of the original complaint and therefore the amendment is not barred. The court agrees with plaintiff.

Rule 15(c), which is identical to the corresponding Fed.R.Civ.P. 15(c), states as follows:

---

1. Plaintiff also moves to add a claim seeking to establish that it is not liable to the Government for reprocurement costs. Inasmuch as the

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

"The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150 n. 3, 104 S.Ct. 1723, 1725 n. 3, 80 L.Ed.2d 196 (1984). Thus, an amendment must be allowed to relate back as long as it concerns "the same general conduct, transaction and occurrence" as the original pleading and the opposing party received sufficient notice so that he is not prejudiced by the amendment. *Tiller v. Atlantic Coast Line Railroad Co.*, 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945).

The notice test must be liberally construed to promote the policy objectives of Rule 15, which rejects "the formalistic requirements of the old 'cause of action' in favor of an approach which focuses on a claim for relief and its underlying 'aggregate of operative facts'." *Snoqualmie Tribe of Indians v. United States*, 178 Ct.Cl. 570, 587 n. 5, 372 F.2d 951, 960 n. 5 (1967). Thus, even where an amendment "is technically a different cause of action from that presented originally," it will relate back to the original pleading as long as "it is sufficiently closely related to warrant the conclusion that the government received adequate notice of the possibility that it might have to defend against a broader claim." *Id.* at 588, 372 F.2d at 961; *see also Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir.1982), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983); *Martin v. Virgin Islands National Bank*, 455 F.2d 985, 986 (3d Cir.1972); *Bradbury v. Dennis*, 368 F.2d 905, 908 (10th Cir.1966); *North Drive-In The-*

---

Government as yet has made no demand for reprocurement costs, that portion of the amended complaint is dismissed as premature.

*atre Corp. v. Park-In Theatres, Inc.*, 248 F.2d 232, 238 (10th Cir.1957); *c.f. Design and Production, Inc. v. United States*, 10 Cl.Ct. 80, 81 (1986).

In this case, the facts that gave rise to the Government's demand for return of progress payments are not merely closely related, they are exactly the same as those that gave rise to the default termination. It can hardly be argued, then, that the challenge to the lawfulness of the default termination in plaintiff's original complaint failed to put defendant on notice of the possibility that plaintiff might also oppose the Government's demand for the return of unliquidated progress payments. No prejudice to the Government therefore results if the amendment contesting the correctness of the demand for progress payments is allowed to relate back to the original complaint.

To avoid misunderstanding, it should be noted that the outcome the court reaches here depends in part upon the fact that the Government's demand for progress payments constitutes a final decision of the contracting officer within the meaning of 41 U.S.C. § 605(a). Hence, no additional action on the part of the contractor is necessary to perfect the claim. A different result might obtain where a contractor attempted to amend its complaint to state an additional claim for money damages that had not been submitted, and if necessary certified, to the contracting officer under § 605(a), (c). For a monetary demand by a contractor to ripen into a claim cognizable here, it must be properly submitted and become the subject of a final decision by the contracting officer. *See, e.g., Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir.1985). Rule 15(c) cannot be used to circumvent that requirement.

To the extent consistent with this order, plaintiff's motion to amend its complaint is ALLOWED.[2]

---

**2.** The court makes no ruling here with respect to the issues raised by defendant challenging the court's jurisdiction to entertain plaintiffs' vari-ous claims. Those issues will be addressed in a subsequent opinion.