**CONSTRUCTION EQUIPMENT LEASE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 92–88C.

United States Claims Court.

July 17, 1989.

Rick L. Thomas, Lexington, Ky., for plaintiff.

Elizabeth S. Woodruff, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen, Director, and Mary Mitchelson, Asst. Director, Washington, D.C., for defendant.

## ORDER

ANDEWELT, Judge.

This government contract action is presently before the court on plaintiff's motion to join Judd Construction Company, Inc. (Judd), as a real party in interest or, alternatively, for approval of Judd's ratification of the complaint. Plaintiff's motion is accompanied by an amended complaint adding Judd as a plaintiff. Defendant agrees

that Judd is a real party in interest under RUSCC 17(a) but contends that joinder or ratification is barred by the statute of limitations.

The Contract Disputes Act (CDA), 41 U.S.C. § 601, *et seq.*, requires that a "direct action" suit in this court be filed "within twelve months from the date of receipt of the contracting officer's decision concerning the claim." *Id.* at § 609(a)(3). This action was filed within 12 months from the contracting officer's decision, but the motion to join Judd was brought beyond the 12–month period.* Defendant contends that the filing date of the motion to join Judd rather than the filing date of the original complaint is crucial for statute of limitations purposes.

RUSCC 17(a) provides, in effect, that joinder of a real party in interest relates back to the filing date of the original complaint. The rule provides, in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

RUSCC 15 contains a relation-back provision that applies to amended pleadings generally:

> (c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

■ Defendant contends that this court cannot lawfully invoke the relation-back provisions of either RUSCC 17(a) or 15(c) to bring the addition of Judd as a plaintiff within the statute of limitations. Defendant argues that the 12–month statute of limitations is a jurisdictional limitation on direct action suits against the United States in the Claims Court, that such waivers of sovereign immunity must be strictly construed (*Bowen v. City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986)), and, hence, that it would be an abuse of discretion to employ the court's rules and allow relation back when plaintiff's motion to join, along with its proposed amended complaint, was filed beyond the 12–month statute of limitations.

The Court of Claims, in precedent binding on this court, in effect came to a contrary conclusion in *Cross Construction Company, Inc. v. United States,* 225 Ct.Cl. 616 (1980). In *Cross Construction,* a direct action CDA suit was filed within the 12–month statutory period by a subcontractor rather than the prime contractor. The government moved to dismiss the complaint because the subcontractor lacked privity of contract with the government. The subcontractor responded, after the 12–month statutory period had passed, by filing an amended complaint that substituted the prime contractor as the plaintiff.

The Court of Claims did not have a rule analogous to RUSCC 17(a) that applied specifically to real parties in interest, but its Rule 39(c) was substantially identical to RUSCC 15(c). The *Cross Construction* court interpreted Rule 39 as permitting the amended complaint, which substituted the prime contractor as the plaintiff, to relate back to the filing date of the original complaint. The court stated:

> The authorities teach that relation back is appropriate where the amended pleading relates, as in this case, to the same conduct, transaction, or occurrence set forth in the original pleading, and therefore that the opposite party was given timely notice of the claim asserted against him. *Snoqualmie Tribe of Indians v. United States,* 178 Ct.Cl. 570, 372 F.2d 951 (1967); *Vann v. United States,* 190 Ct.Cl. 546, 557–58, 420 F.2d 968, 974 (1970)....

---

* The contracting officer's decision was issued on February 11, 1987, and received on February 17, 1987. This action was filed on February 11, 1988. The motion to join Judd was filed on November 14, 1988.

Here, as in *Cross Construction*, the proposed amended complaint relates to the "same conduct, transaction, or occurrence" set forth in the timely filed original complaint, and the government had timely notice of the action and was not prejudiced by the delay. *See also Wadsworth v. United States Postal Service*, 511 F.2d 64, 66 (7th Cir.1975), where the court, based on the relation back provisions of FRCP 17(a) and 15(c), allowed the joining of a real party in interest after the statutory time period of the Federal Tort Claims Act had expired.

Congress presumably was aware of Court of Claims Rule 39 and its relation-back provision when it enacted the CDA in 1978 and established a one-year statute of limitations for Court of Claims jurisdiction over direct actions. The waiver of sovereign immunity established in the CDA, therefore, should be interpreted to extend at least to situations where relation back was available under Court of Claims Rule 39.

■ Plaintiff has already amended its complaint once. RUSCC 15(a) provides that additional amendments be allowed only by written consent of the adverse party or by leave of the court. Such leave, however, "shall be freely given when justice so requires." Because Judd is a real party in interest, this action must be dismissed if Judd is not added as a plaintiff. RUSCC 17(a) ("Every action shall be prosecuted in the name of the real party in interest"). Defendant has not pointed to any facts particular to this case that warrant the conclusion that such a drastic result is consistent with the requirements of justice. Plaintiff's failure to include originally Judd as a plaintiff apparently was an understandable mistake (*see* Fed.R.Civ.P. 17(a) advisory committee's note to 1966 amendment; 6 C. Wright & A. Miller, Federal Practice and Procedure § 1555 (1971)), and defendant has not demonstrated such extenuating circumstances as would warrant denial of plaintiff's motion. *See Hess v. United States*, 210 Ct.Cl. 483, 491, 537 F.2d 457, 461 (1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977) (citing *Foman v. Davis*, 371 U.S. 178, 182,

83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)); *Design and Production, Inc. v. United States*, 10 Cl.Ct. 80, 82 (1986); *Maddalone v. Okada Shosen, KK*, 756 F.2d 886, 887 (1st Cir.1985).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to join Judd is granted and plaintiff's second amended complaint shall be filed with relation back to February 11, 1988, the filing date of plaintiff's original complaint. Defendant's motion to dismiss the complaint on the ground that plaintiff lacked privity of contract with the government, briefing on which was suspended pursuant to this court's order of October 13, 1988, is denied as moot. Consideration of defendant's request for attorney's fees relating to its motion to dismiss will be deferred to a future date.

IT IS SO ORDERED.

