**CASE, INCORPORATED, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 90–680 C.

United States Claims Court.

Feb. 24, 1992.

Marc Lamer, Philadelphia, Pa., attorney of record, for plaintiff.

Phyllis Jo Baunach, with whom were Asst. Director Sharon Y. Eubanks, Director David M. Cohen, Asst. Atty. Gen. Stuart M. Gerson, Dept. of Justice, Washington, D.C., and Eric David Ashton, Defense Personnel Support Center, Philadelphia, Pa., for defendant.

## OPINION

WIESE, Judge.

Plaintiff, a Government contractor, seeks leave to amend its complaint to cure what it sees as a deficient jurisdictional allegation. Defendant opposes the request and seeks dismissal of the suit for lack of jurisdiction in fact. The court, having considered the parties' written and oral arguments on the issue, concludes that it has jurisdiction over the transaction sued on and that an amendment of the complaint to clarify the factual basis for that jurisdiction is proper. The motion to amend is therefore allowed; the motion to dismiss is denied.

## FACTS

In October of 1986, the Defense Personnel Support Center awarded plaintiff a contract for the manufacture of airmen's coveralls. Difficulties in the performance of the contract led to several extensions of the delivery schedule and eventually to the contracting officer's issuance of a final decision on July 20, 1989 terminating the contract for default. The termination decision advised the contractor that it would be liable for any excess reprocurement costs and, additionally, that the Government was reserving "all rights and remedies provided by law and/or this contract."

Two weeks later (August 3, 1989) the contracting officer issued a second final decision letter, this one advising that due to unliquidated progress payments chargeable against contract 0333 (the defaulted contract), Case was indebted to the United States in the amount of $4,064,212.54. The letter requested payment of the stated amount within 15 days and it went on to inform the contractor that, although a proposal for deferred liquidation of the debt could be submitted, interest on that debt would continue to accrue at the statutory rate.

On July 23, 1990, the contractor filed this suit. Jurisdiction was premised on the Contract Disputes Act, 41 U.S.C. §§ 601–613 (1988). In its complaint, Case stated that "[t]his action represents [an] appeal of the Contracting Officer's Final Decision" (referring to the decision announcing the default termination) and, by way of relief, the contractor requested that the termination for default be converted to a termination for convenience.

Following the filing of the contractor's suit in this court, the contracting officer issued another final decision letter again relating to the Government's demand for the return of progress payments. In this letter, the amount of the claimed indebtedness was now shown as $3,432,256.17. The date of the decision was October 25, 1990.

The receipt of this second demand for return of progress payments prompted the contractor's filing of another complaint here (No. 91–175C). As before, jurisdiction was premised on the Contract Disputes Act and the relief asked for was conversion of the termination for default to a termination for Government convenience. In addition, this second complaint, unlike the first, expressly asked the court to deny defendant recovery on its claim (i.e., the demand for return of unliquidated progress payments).

The Government has moved for dismissal of both suits, the first on the ground that it fails to state a demand for money and therefore is not within our jurisdiction; the second on the ground that the decision appealed from (the contracting officer's revised repayment demand of October 25, 1990) was a nullity because it was issued more than twelve months after the original repayment demand and thus after the date by which that original decision became "final and conclusive" under section 6 of the Contract Disputes Act.

Following the filing of the Government's motions, a status conference was convened

to consider, among other things, the desirability of consolidating the two suits. The Government opposed consolidation on the ground that a joinder of the two suits would not remedy the jurisdictional defects which it saw in each of them and, therefore, would serve no real purpose either for the parties or the court. In lieu thereof, it was decided (over the Government's objection however) that the contractor would seek leave to amend its first-filed complaint to incorporate a jurisdictionally-valid money claim, i.e., a request for relief from the Government's initial repayment demand. Additionally, it was decided that, pending disposition of the contractor's motion to amend, proceedings in the second-filed suit would be suspended.

The Government, as we have indicated, opposes the motion to amend and seeks dismissal of plaintiff's suit for lack of jurisdiction. Consistent with this view of the case, the Government stated (at the status conference) that it had initiated the steps necessary to begin a collection action against plaintiff to recover the unliquidated progress payments. Such an action is, in fact, now pending in the United States District Court for the Eastern District of Kentucky.[1]

## DISCUSSION

Fundamental to the exercise of our jurisdiction under the Contract Disputes Act is a final decision of the contracting officer. 41 U.S.C. § 605(a).[2] Where the claim that is put in issue here has not previously been before the contracting officer, we have no authority to hear the matter. *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 184, 645 F.2d 966, 971 (1981).

It is conceded that the complaint now before us (the first-filed complaint) is jurisdictionally defective in that it asserts a right to relief not previously presented to the contracting officer for decision, i.e., the right to a no-fault contract termination together with appropriate monetary allowances. To overcome this defect, the contractor has moved for leave to amend its complaint to incorporate both the fact of the contracting officer's August 3, 1989 demand for the return of progress payments and a request for relief from this demand. Save for these proposed changes, the complaint as originally filed would remain unchanged.

In opposing the motion to amend, the Government does not dispute that our basic jurisdictional statute, the Tucker Act, 28 U.S.C. § 1491 (1988), permits a contractor to sue here on a Government claim for money.[3] Hence, plaintiff's amendment, if otherwise allowable, would remedy the jurisdictional defect that attends the complaint as presently drafted. Rather, the Government's objection to the amendment goes to the fact that it sees the contracting officer's demand for the return of progress payments as having matured, through the expiration of the twelve month appeal period allowed under the Contract Disputes Act, into an incontestable right to the money claimed due.

The section of the Contract Disputes Act referred to, section 609(a)(3), allows the contractor twelve months from the date of receipt of the contracting officer's decision on the claim in which to commence suit on the claim in the Claims Court. If suit is not brought within the time allowed, section 605(b) declares the contracting officer's decision on the claim to be "final and conclusive and not subject to review by any

1. *United States v. Case, Inc.*, No. 91–133 (E.D.Ky. filed June 14, 1991).

2. Section 605(a) states in part that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision. All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer."

3. Section 1491(a)(2) of Title 28 to the United States Code provides in part that "[t]he Claims Court shall have jurisdiction to render judgment upon any claim by or against ... a contractor arising under ... the Contract Disputes Act...." This court has construed this provision as granting the court jurisdiction to hear contractor suits based on Government claims for money. *Ralcon, Inc. v. United States*, 13 Cl.Ct. 294 (1987).

forum, tribunal, or Government agency." Thus, as the Government reasons it, since the commencement now of an independent suit challenging the Government's demand for return of progress payments clearly would be time-barred, so also must be an amendment adding such a challenge to an existing complaint.

To reinforce its position, the Government reminds us of the rule that waivers of immunity are to be strictly construed in favor of the sovereign and may not be enlarged beyond what the language requires. *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986). Since the statutory language at issue here requires a contractor to bring suit in the Claims Court within twelve months of the receipt of the contracting officer's decision on the claim and since no formal appeal of the decision was filed within that time, the Government argues the amendment is not permissible.

■ Two basic problems require us to reject this argument. First, we cannot accept the Government's position that the appeal of a contracting officer's decision may only be accomplished through a complaint specifically naming that decision. The contention that such literalness is demanded here in order to satisfy the requirements of sovereign immunity is not persuasive.

■ The Federal Rules of Civil Procedure do not insist upon pleadings accurate in every detail. As the Court noted in *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." All that is required therefore, is that the pleading "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47, 78 S.Ct. at 102–03.

■ There is no reason to assume that a different rule is applicable here. Indeed, the Contract Disputes Act was enacted to provide contractors with an expeditious means of resolving their contract disputes with the Government. S.Rep. No. 1118, 95th Cong., 2d Sess. 5 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5235, 5239. It would be wholly at odds with the purposes of that Act to reintroduce, in the name of sovereign immunity, rules of pleading that modern procedural systems rejected long ago. In other cases coming before the court, essentially the same argument has been raised and rejected. *Snoqualmie Tribe of Indians v. United States*, 178 Ct.Cl. 570, 587 n. 5, 372 F.2d 951, 960 n. 5 (1967). We see no reason to view this case in any different light.

And even as modern procedural systems adopt a rule of notice pleading, so also do they endorse the principle that amendments to pleadings are to be freely allowed when justice so requires. It is the inhospitability of the Government's position to the freedom of amendment endorsed by Rule 15 that brings us to our second point.

Under Federal Rule 15 (to which our own Rule 15 is identical) amendments are to be freely allowed "when justice so requires." Additionally, the Rule provides that amendments shall relate back to the date of the original pleading whenever they arise out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

■ Thus, under the authority of Rule 15, defective jurisdictional allegations may be amended so long as the amendment relies on events in place at the time the original pleading was filed. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989); 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1474 (1990). Similarly, where the claim asserted in the amendment arises out of a transaction or occurrence set forth in the original complaint, the amendment is given retroactive effect to the date of the original complaint. In other words, where "relation back" is applicable, a claim that might otherwise be time-barred is considered timely. *Sessions*

*v. Rusk State Hosp.,* 648 F.2d 1066, 1070 (5th Cir. Unit A June 1981); *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d 1240, 1259–60 n. 29 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983); 3 Moore, *Moore's Federal Practice,* ¶ 15.-15[3] at 15–149 (2d ed. 1991).

Given these principles, the only real question to be considered here is whether the existing complaint was sufficient to put the Government on notice that the contracting officer's decision demanding the return of progress payments was being put into issue. If so, the pleading may now be amended to make that challenge explicit.

■ The existing complaint, as we earlier noted, challenges the correctness of the default termination and asserts entitlement to a convenience termination. The complaint therefore brings into issue the same core dispute upon which the Government's demand is based, and it asserts an entitlement—the right to a convenience termination—which, on the facts of this case, could either extinguish altogether the amount of progress payments returnable to the Government or else reduce that amount from what is now claimed to be due.[4] Thus, the Government's claim is tied to, and is subordinate to, the contractor's claim. Essentially, then, the claims are inseparable. Both must be tested in light of the same facts and the outcome of one is necessarily determinative of the other.

Given this linkage, it would not be responsive to reality to characterize the amendment as a new claim. The existing complaint's demand for invalidation of the default is necessarily a demand for the invalidation of the Government's right to recover progress payments. As a matter of basic government contract law, the situation presented here could not be understood otherwise. It follows, therefore, that the claim set out in the complaint may be amended to specifically identify a lesser

included claim. *Design & Prod., Inc. v. United States,* 10 Cl.Ct. 80 (1986); *Ralcon, Inc. v. United States,* 12 Cl.Ct. 773 (1987).

■ In addition to the arguments considered above, the Government also contends that even if an amendment to plaintiff's complaint could be allowed, it would be futile to do so because the relief demanded by the amendment—disallowance of the Government's claim—is now beyond our power to grant. Specifically, the Government maintains that because its collection action is presently pending in the district court, we are precluded, as a matter of law, from proceeding with the same suit here.

The Government cites no authority for this proposition and we know of none. The general rule is that "where the jurisdiction of a court, and the right of plaintiff to prosecute his suit in it, have once attached, the right cannot be arrested or taken away by proceedings in another court." *Peck v. Jenness,* 48 U.S. (7 How.) 612, 625, 12 L.Ed. 841 (1849); *O'Hare Int'l Bank v. Lambert,* 459 F.2d 328 (10th Cir.1972). Plaintiff, having invoked the jurisdiction of this court, is entitled to go forward here. The pendency of a parallel action, commenced *after* the filing of this action, cannot diminish our authority to hear the claim.

Nor would it be appropriate to defer proceedings in this court in the interests of sparing the Government the burden of having to wage a battle on two fronts. In different circumstances perhaps such an appeal to economy would be persuasive. Here, however, it is not. Well before the district court suit was commenced, the Government was apprised of this court's preliminary views on the jurisdictional issue. Granted, the Government's own views to the contrary were not frivolous; the matter warranted briefing. Nevertheless, the same concern for economy which

---

**4.** According to the complaint, Case experienced delays in production due to defective Government specifications. These delays, in turn, caused Case's suppliers to sell contract inventory in their possession that had been purchased by Case with progress payments received from the Government. It would appear, therefore, that Case's liability for return of progress payments rests, at least in part, on the question of whether the failure to perform was Case's fault or the Government's.

the Government is now asking us to heed should have cautioned it to withhold the commencement of suit in the district court until the instant jurisdictional question was resolved. The difficulty the Government now finds itself in is of its own making.

## CONCLUSION

The complaint which the contractor has filed in this court presents a claim for relief that was not first submitted to the contracting officer for a decision and is, therefore, not a claim over which we have jurisdiction. Implicit in the assertion of that claim, however, is a demand for relief over which the court can exercise jurisdiction, namely, the Government's claim for return of progress payments. Since that alternative basis for our jurisdiction involves a contract claim that is analytically embraced by the complaint originally filed, it follows that the Government has been put on notice that that included claim is in issue here. It is, therefore, a claim whose appeal may now be formalized through an amendment to the complaint.

Plaintiff's motion to amend is allowed. Defendant's motion to dismiss for lack of jurisdiction is denied.