972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Oreste MORCELO-MARTINEZ, et al., Plaintiffs, Appellants,
v.
WELFARE FUND ILA-PRSSA, Defendant, Appellee.
 No. 91-2335.
 United States Court of Appeals,
First Circuit.
 August 11, 1992
 
 Appeal from the United States District Court for the District of Puerto Rico
 John Ward-Llambias for appellants.
 Roberto E. Vega-Pacheco with whom Trias, Acevedo & Otero was on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, O'Scannlain,* and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 The Morcelos brought this action against Mr. Morcelo's employer-provided health care insurer for reimbursement of medical expenses pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. The trial court dismissed the complaint for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). We now affirm.
 
 
 2
 Mr. Morcelo was advised by his doctor to seek heart surgery in Texas. The defendant allegedly denied coverage for such treatment and the surgery was eventually performed in Puerto Rico and paid for by the Medicaid program of the Puerto Rico Department of Health. The Morcelos assigned "any right to remuneration, payment or aid for medical expenses which I or which any other person may have" to the Medicaid Program. The district court concluded that the Morcelos lacked standing to bring this action since they were not the real parties in interest after having assigned all their rights to reimbursement of medical expenses to the Medicaid Program.
 
 I.
 
 3
 Mr. Morcelo argues that he is entitled to recover the difference between what the Medicaid Program paid for his less expensive operation in Puerto Rico and what an operation in Texas would have cost. He analogizes his attempted recovery to the collateral source rule under which a tortfeasor cannot lessen his liability because the injured party receives assistance from a separate source. Without reaching the merits of the claim, however, we must agree with the district court that the Morcelos' ERISA claim is barred for lack of standing.
 
 
 4
 We are persuaded by its express language that the assignment effectively assigned any and all rights regarding medical services for this procedure to Medicaid, not just the right to payment for the particular services he received. Hence, the Morcelos are not the real parties in interest in this action and could not state a claim against the Welfare Fund. Fed. R. Civ. P. 17(a); Maddalone v. Okada Shosen, KK, 756 F.2d 886, 887 1st Cir. 1985) (once injured worker settles with workers compensation insurer, the insurer is the real party in interest). Consequently, the district court properly dismissed the action against the Welfare Fund.
 
 II.
 
 5
 The trial court also properly dismissed Mrs. Morcelo's pendent state claims for various tort remedies. Once the court dismissed the federal ERISA claim, it had the discretion also to dismiss the pendent state claims. 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 6
 Affirmed.
 
 
 7
 ---------------
 
 
 
 *Of the Ninth Circuit, sitting by designation.