ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Thorington Electrical and Construction Company | ) ASBCA No. 60476 |
| | ) |
| Under Contract No. FA3300-05-C-0015 | ) |

APPEARANCES FOR THE APPELLANT:    Deitra Crawley, Esq.
                                  Natalie Mark, Esq.
                                   Taylor English Duma LLP
                                   Atlanta, GA

APPEARANCES FOR THE GOVERNMENT:   Jeffrey P. Hildebrant, Esq.
                                   Air Force Deputy Chief Trial Attorney
                                  Lawrence M. Anderson, Esq.
                                   Trial Attorney

OPINION BY ADMINSTRATIVE JUDGE PROUTY
ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Before us is the government's motion for summary judgment, which argues that the claim appealed here by appellant, Thorington Electrical and Construction Company[1] (Thorington), is time-barred under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109. Thorington opposes the government's motion, arguing that its claim was timely because it is an amendment of an earlier claim of which the government was on notice. For the reasons stated herein, we conclude that the claim is time-barred under the CDA and enter judgment in favor of the government.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 30 September 2005, the United States Air Force (government) awarded Contract No. FA3300-05-C-0015 (the contract) to Thorington for the construction of a new entry control facility at the Bell Street Gate at Maxwell Air Force Base, Alabama (R4, tab 1).

2. The construction of the facility was substantially completed by 11 August 2008, when the government determined that it was "fully operational" (compl. ¶¶ 32, 34).

---

[1] Contract was awarded to "Thorington Electrical/Construction Company" but the claim and correspondence herein replaces the backslash (/) with "and."

3. On 28 April 2009, Thorington submitted a letter to the contracting officer (CO) seeking $764,813 in compensation from the government (R4, tab 48). The letter was labeled as a "claim" and was certified by Thorington's general manager and owner, Mr. Kelvin R. Thorington (*id.*). The letter provided that, "[t]he items that [Thorington] is making a claim [upon] are associated with work that was performed but was never paid and material cost for items increased since submitting the original cost estimate in 2005" (*id.* at 1). Thorington also stated, in relevant part:

> In Addition, the claim does not include cost that TECC [Thorington] has acquired or projects that TECC could have obtained over the last six months. The delay in paying the modifications has caused TECC to lose several projects over the past year. As stated in several letters to the CO, the impact of nonpayment towards these modifications has caused delays in TECC paying our sub-contractors in a timely manner. This delay in payment has also caused the sub-contractors and venders [sic] to file claims against the surety company. If all modifications had been paid in a timely manner, TECC could have paid the sub-contractors and venders [sic] which would have eliminated any intervention by the surety company. Once the surety company pays any claims it is detrimental to your company's future ability to bond. The extended performance time occupied our bonding because the government delayed the project for approximately 1 ½ years and continues to occupy our bonding capabilities until the modifications are settled. These additional claims will be submitted through the legal system at a later date but with-in the next few months.

(*Id.* at 6)

4. By letter dated 14 August 2009, the CO issued a final decision partially granting and partially denying Thorington's claim dated 28 April 2009 (R4, tab 49).

5. Thorington appealed the CO's decision to this Board, and the appeal was docketed on 17 November 2009 as ASBCA Nos. 56987, 56988, 56989, 56990, 56991, 56992, 56993, 56994, 56995, 56996, 56998, 56999 and 57000. These appeals were all resolved when Thorington signed an agreement, dated 18 August 2015, which resolved all of its claims dated 28 April 2009 (gov't mot., attach. 1). The agreement

2

stated that "[t]he only claim that is not discharged is Contractor's 17 July 2015[2] claim for $20 million" (*id.* at 2). At the parties' request, the Board subsequently dismissed with prejudice ASBCA Nos. 56987, 56988, 56989, 56990, 56991, 56992, 56993, 56994, 56995, 56996, 56998, 56999 and 57000 on 26 August 2015.

6. The July 2015 "claim" excluded by the August 2015 settlement agreement, originated in a letter dated 16 July 2015, that Thorington submitted to the CO (R4, tab 52). This letter is titled "Amended Claim to the Claim Submitted on 28 April 2009," and seeks $20 million for the value of the loss of business, profit, and income; opportunity costs; damage to business relationships; and irreparable injury on the grounds that the CO's failure to issue timely change orders or to grant its claim destroyed its personal and business finances (*id.* at 2-3).

7. By letter dated 30 November 2015, the CO issued a final decision denying Thorington's claim dated 16 July 2015 (R4, tab 55). Thorington appealed to the Board on 26 February 2016, and reduced its amount in dispute to $3.75 million. We have docketed this appeal as the present case.

## DISCUSSION

Thorington's 16 July 2015 claim was untimely because, as demonstrated by its 28 April 2009 claim letter, Thorington knew or should have known the basis for this claim by 28 April 2009 at the latest, meaning that it fell outside of the CDA's six-year statute of limitations. Thorington's assertion that the 2015 claim was merely an amendment to the 2009 claim, permissible under FED. R. CIV. P. 15(c) is misguided, to say the least. Rule 15(c), governing the amendment of pleadings before federal courts, has no bearing upon the statute of limitations for filing a claim before a CO, and the statute of limitations may not be evaded by submitting a late "amendment" to a timely claim long since denied.

I.     The Standards for Summary Judgment

The standards for summary judgment before the Board are well established[3] and need little elaboration here. Summary judgment should be granted if it has been shown that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A non-movant seeking to defeat summary judgment by suggesting conflicting facts

---

[2] In the parties' settlement agreement, it states that the claim is dated 17 July 2015; however, the document in the record is dated 16 July 2015 (R4, tab 52).

[3] Board Rule 7(c)(2) provides that the Board looks to FED. R. CIV. P. 56 for guidance in deciding motions for summary judgment.

3

"must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). Put another way, if the non-moving party carries the burden of proof at trial for elements of its case and fails to provide such proof at the motion for summary judgment, the moving party is entitled to summary judgment. *Dairyland Power Co-op v. United States*, 16 F.3d 1197, 1202 (Fed. Cir. 1994). We do not resolve controversies, weigh evidence, or make determinations of credibility. *Liberty Lobby*, 477 U.S. at 255. All reasonable inferences are drawn in favor of the non-movant. *Id.*

## II. The CDA Requires the Submission of a Claim to the CO within Six Years of its Accrual

It is the government's burden as movant for summary judgment to show by undisputed material facts that Thorington's claim dated 16 July 2015, is time-barred under the CDA. The CDA requires a contract claim to be "submitted within 6 years after the accrual of the claim." 41 U.S.C. § 7103(a)(4)(A). A claim accrues under the CDA when "all events, that fix the alleged liability...and permit assertion of the claim, were known or should have been known." Some injury must have occurred; however "monetary damages need not have been incurred." FAR 33.201. The events fixing liability should have been known when they occurred unless they can be reasonably found to have been either concealed or "inherently unknowable" at that time. *Raytheon Missile Systems*, ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,017.

## III. The Claim Here Accrued More Than Six Years Before its Submission

It is undisputed that the claim, dated 16 July 2015, accrued at the very latest on 28 April 2009 when Thorington notified the government of the potential claim that is at issue in this appeal (SOF ¶ 3). Thorington acknowledges this fact as it repeats the government's argument in its response that "TECC succinctly stated all its claims against the Air Force in its original claim and the facts that give rise to them, which was filed on or around April 28, 2009" (app. resp. at 3). It is further undisputed that the claim at issue in this appeal was not submitted to the CO until the letter dated 16 July 2015 (SOF ¶ 5). Thus, Thorington's claim dated 16 July 2015, was submitted more than six years after its accrual and is time-barred under the CDA.

## IV. Thorington Provides No Basis to Excuse its Late Submission of its Claim

Thorington asserts that its late submission of the present claim is excusable because it is merely an amendment of its earlier, timely claim, and that, as such, the "amended" claim should relate back in time to the original claim pursuant to operation of FED. R. CIV. P. 15(c) (app. resp. at 3-6). The problems with this line of argument are many and reflect a misunderstanding of the nature of a claim before a CO versus an

4

appeal at a tribunal. In short, the law cited by appellant is utterly inapplicable to the situation presented here.

First and foremost, the terms of FED. R. CIV. P. 15(c) and the case cited by appellant that interprets it, *Design and Production, Inc. v. United States*, 10 Cl. Ct. 80 (1986), refer to the amendment of a complaint that is already before a federal judicial tribunal. The closest analog to the situation presented here (for we are not a federal court, but are an administrative body and the Federal Rules of Civil Procedure do not apply to us except to the extent that we look to them for guidance) would be an amendment to the complaint in the appeal of a CO's final decision to the Board. Thorington did not do that here: the purported amendment was to the claim before the CO, not to any complaint before us, and it was submitted to the CO, not to the Board.

Beyond the inapplicability of FED. R. CIV. P. 15(c),[4] there is no provision in the Board's rules or in the CDA permitting an amendment of a claim in such circumstances, much less allowing it to "relate back" in time to the initial claim. First, Thorington has presented no authority for the notion that it may submit an amendment to a claim upon which a CO has already issued a final decision. A final decision is, after all, final, unless the CO chooses to amend it and there is no law requiring consideration of an amendment to an already-denied claim. With respect to whether there is any basis, outside of FED. R. CIV. P. 15(c), that would permit relation back for the amendment of an already-denied claim (even were the amendment to be permitted), the law indicates that it would not. As noted above, the case upon which Thorington principally relies, *Design and Production*, involves amending a complaint before the Claims Court to include relief already sought in a timely claim submitted to (and denied by) the CO. 10 Cl. Ct. at 81. The court there made clear, moreover, that, had plaintiff in that case sought to add new claims not already considered by the CO, it would not have permitted the amendment. *See id.* In a similar case, the Court of Federal Claims bluntly stated that "Rule 15(b) cannot be invoked to resurrect an otherwise time-barred claim." *Renda Marine, Inc. v. United States*, 65 Fed. Cl. 152, 162 (2005). Merely going through the motions of submitting a purported "amendment" to a claim previously submitted to the CO, but denied more than five years earlier, does not provide a back-door means to reset the statute of limitations.

---

[4] The government implicitly concedes the applicability of FED. R. CIV. P. 15(c), by arguing that the amendment should not be permitted because the claims were so different (gov't reply at 4-5). The claims were, in fact, different, given Thorington's own statement in its initial claim promising that it would subsequently file the additional claims, which would likely preclude amendment pursuant to Rule 15(c), even if it were applicable. Nevertheless, we need not decide that here.

5

V.    There is No Need for Additional Discovery

Thorington's argument that summary judgment should be deferred to allow for additional discovery regarding the government's knowledge of its additional claims (app. resp. at 6-7), is misplaced because such discovery could not conceivably affect any material facts before us. To be sure, under the FED. R. CIV. P. 15 construct, the government's knowledge of potential claims may be relevant in a tribunal's evaluation of whether to permit amendment of a complaint before it, *see, e.g., Design and Production*, 10 Cl. Ct. at 82, but that construct has no applicability here. The statute of limitations decision in the motion for summary judgment before us is based upon what Thorington knew and when, not the government's knowledge. Indeed, even if the government knew every particular of Thorington's potential claim, and Thorington obtained proof of that knowledge in additional discovery, it would not change the outcome of this case so long as Thorington failed to file its claim within the time set forth by the CDA, as it did. Accordingly, Thorington has given us no reason to delay deciding the motion before us. *See, e.g., Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 626-27 (Fed. Cir. 1984).

## CONCLUSION

For the reasons stated herein, we grant summary judgment in favor of the government. The appeal is denied.

Dated:  16 February 2017

J. REID PROUTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60476, Appeal of Thorington Electrical and Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals