DAVIS, Circuit Judge.
 

 The main issue is whether the United States Claims Court erred when it (1) entered summary judgment dismissing a portion of Thoen’s complaint without notice of its intention to do so at a point in the proceeding when only a partial motion to dismiss on jurisdictional grounds was pending, and (2) entered summary judgment
 
 sua sponte
 
 as to the remainder of Thoen’s complaint. 5 Cl.Ct. 823 (1984) (Lydon,
 
 J.).
 
 We hold that the applicable Claims Court Rules require that a party be given both notice of a court’s intention to consider entry of summary judgment and adequate opportunity to demonstrate why summary judgment is inappropriate. Appellant was not given such proper notice, nor did he have adequate opportunity to counter the grounds on which summary judgment was based. We therefore vacate the judgment and remand for further proceedings consistent with this opinion.
 

 
 *1112
 
 I.
 

 Richard L. Thoen entered into a fixed-price contract with the Army to study roller-bearing friction. The contract called for delivery of monthly progress reports and a final technical report at the completion of the project. After encountering unforeseen difficulties with the project, Thoen requested and received several extensions of time to complete it, and the final completion date was set at April 30, 1982. The parties agreed that the contract price—$24,880—would remain unchanged by the extensions.
 

 As of April 30, 1982, Thoen had failed to submit a final technical report. On May 12 of that year the Government’s contracting officer sent Thoen a letter asking him to show cause why the contract should not be terminated for default. Thoen responded by stating that the project was more complicated than originally anticipated and that he had overrun his budget. He also expressed his belief that the Army had orally promised him follow-on contracts to study tooth friction in gears. These projects did not receive funding, and no contracts were forthcoming. In conclusion, Thoen stated that the Army “should not expect me to put aside other work, just to wrap up a contract that would pay me only a small fraction of what I spent.”
 

 By a letter to Thoen dated June 21, 1982, the contracting officer issued a final decision terminating the contract for default. Thoen then filed a complaint in the Claims Court, a copy of which he sent to the contracting officer. In the complaint, Thoen set out the pertinent facts and requested four separate items (counts) of relief. These items are (as restated in the Claims Court’s opinion):
 

 Item 1
 
 —Judgment for $24,880, the original contract price;
 

 Item
 
 2—Judgment for the fair price of his services which plaintiff estimates to be at least $105,000. Plaintiff alleges that the additional effort he performed in this regard was requested by defendant’s authorized representatives;
 

 Item
 
 3—Judgment for the value of services realized by defendant in an amount estimated by plaintiff is to be
 
 [sic
 
 ][
 
 1
 
 ] at least $100,000; and
 

 Item
 
 Jj.—Judgment for $15,000 attorney’s fees and costs.
 

 The complaint does not make clear whether items 2 and 3 are sought cumulatively or in the alternative.
 

 The Government did not file an answer, but instead filed a motion for partial dismissal. The Government’s position was that the Claims Court did not have jurisdiction over items 2-4 because Thoen had not certified these claims to the contracting officer for an initial decision as required by § 6 of the Contract Disputes Act, 41 U.S.C. § 605 (1982). That provision states:
 

 (a) All claims by the contractor against the government relating to a contract ... shall be submitted to the contracting officer for a decision____
 

 (c)(1) ... For claims of more than $50,-000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.
 

 The Government never moved for dismissal of item 1, nor did it answer the complaint.
 
 [2]
 

 The Claims Court handed down its decision in this case on September 4, 1984. As an initial matter, the court noted that the Government’s motion is more properly denominated as requesting summary judgment than dismissal because it referenced certain exhibits, affidavits and other matters outside the pleadings. The court then
 
 *1113
 
 determined that summary judgment in the Government’s favor should be entered with prejudice on the entire case.
 

 As to the matters listed in Thoen’s items 2-4, the court ruled that it lacked jurisdiction “[ajbsent a contracting officer’s final decision on a written and certified claim.” 5 Cl.Ct. at 823. Moreover, the court refused to excuse Thoen for his failure to certify his claim with the contracting officer prior to filing the complaint since he knew the extent of his claim even before the Government’s decision to terminate the contract.
 
 Cf Tecom, Inc. v. United States,
 
 732 F.2d 935 (Fed.Cir.1984) (claims for less than $50,000 at the time the complaint was filed need not be certified to the contracting officer if the value of the claim surpasses $50,000 with the passage of time).
 

 The Claims Court also entered summary judgment
 
 sua sponte
 
 as to item 1, the claim for the contract price. Assuming that the allegations in the complaint were true and drawing all inferences in Thoen’s favor, the court found to be beyond dispute the fact that the Government contracted for a final report but did not receive one. The court rejected Thoen’s argument that the final report would just be an accumulation of data already submitted in the monthly reports. “Plaintiff was only asked to do what he agreed to do under the contract,
 
 i.e.,
 
 to submit a Final Technical Report for approval. [The Army] was entitled to this under the contract.” 5 Cl.Ct. at 823. The court declined to consider Thoen’s argument that the extra work he performed was induced by the misrepresentation of Army officials regarding follow-on contracts.
 

 The Claims Court entered judgment for the Government dismissing Thoen’s complaint in its entirety with prejudice. He filed a timely notice of appeal. His principal contention is that the Claims Court erred in entering summary judgment in the Government’s favor without providing him with notice of the court’s intention to do so and an opportunity to present reasons why summary judgment would not be appropriate.
 

 II.
 

 Thoen derives his arguments from the Federal Rules of Civil Procedure. Rule 12(b) sets forth the proper procedure to be followed on a party’s motion to dismiss. The rule states:
 

 If, on a motion asserting defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
 

 Rule 56, to which Rule 12(b) refers, provides “(c) ... The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing.” Thoen contends that, under a strict reading of Rule 56(c), the Claims Court should have afforded him ten days’ notice that it would consider the case as one for summary judgment.
 

 The Government points out that the Claims Court Rules are not identical to the Federal Rules. While Claims Court Rule 12(b) is identical in all material respects to its. counterpart in the Federal Rules, Claims Court Rule 56 makes no mention of a ten-day notice period. The Government concludes that no prior notice is required in the Claims Court.
 

 We cannot accept the Government’s conclusion that the applicable rules do not require some period of notice before the court enters a summary judgment. Claims Court Rule 12(b) still requires that, when the court converts a motion to dismiss into a motion for summary judgment, “all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” Therefore, the Claims Court Rules contemplate some notice to enable the opposing party to present arguments against the entry of summary
 
 *1114
 
 judgment, though a definite 10-day period is not required.
 

 Cases from this and other courts underscore the importance of the opportunity for the opposing party to counter a summary judgment motion. In
 
 Selva & Sons, Inc. v. Nina Footwear, Inc.,
 
 705 F.2d 1316 (Fed.Cir.1983), this court vacated a judgment of the Trademark Trial and Appeal Board because it failed to give Selva notice of and a chance to respond to its decision to convert Nina’s motion to dismiss into one for summary judgment. Quoting
 
 Davis v. Howard,
 
 561 F.2d 565, 571-72 (5th Cir.1977), this court noted:
 

 The bridling devices [in the last line of Fed.R.Civ.P. 12(b)] here sustain and insure the most elementary operation of our civil law. The concept of notice, admissibility, and opportunity to be heard are ancient primaries. * * * However correct the conclusion below, we cannot allow the shaving of principles for expediency when those precepts assure order and justice.
 

 705 F.2d at 1322. Moreover, several courts have linked the requirements of Rule 12(b) and the constitutional due process right to be heard. In
 
 Winbourne v. Eastern Airlines, Inc.,
 
 632 F.2d 219, 224 (2d Cir.1980), the court of appeals referred to the trial court’s denial of notice before entry of summary judgment as a “deprivation of due process.” The court in
 
 Management Investors v. United Mine Workers,
 
 610 F.2d 384, 390 (6th Cir.1979), used similar language.
 

 According to the Government, any failure on the Claims Court’s part to inform Thoen of its intentions (in advance) was harmless error. The Government points out that it appended matters outside the pleading to its motion for partial dismissal, and that Thoen referenced additional materials in his reply. The assumption is that Thoen had ample opportunity to present his case and should have been aware of the possibility that the Claims Court would enter summary judgment.
 

 The Government’s argument is not persuasive in this instance. The cases and texts it cites stand for the proposition that a motion to dismiss for lack of jurisdiction may properly be converted into a motion for summary judgment only when the jurisdictional question is inextricably intertwined with the merits of the case.
 
 See, e.g.,
 
 C. Wright and A. Miller, Federal Practice and Procedure § 1366 (1969) (“The element that triggers the conversion is a challenge to the sufficiency of the pleader’s claim supported by extra-pleading material. It is not relevant how the defense is actually denominated”);
 
 Village Harbor, Inc. v. United States,
 
 559 F.2d 247, 249 (5th Cir.1977) (summary judgment appropriate where “the jurisdictional question is the substantiality of the suit”).
 

 But in the current case the Government challenged only defendant’s failure to secure a proper contracting officer’s decision. The parties addressed only this issue. In the case of a motion to dismiss simply for failure to satisfy a jurisdictional prerequisite, conversion without notice to summary judgment on the merits is error. The only question which the parties addressed before the Claims Court was whether certification as to the contractor’s claim was necessary in this case. When the court concluded that it was, entry of judgment on the merits was not the proper course.
 
 Stanley v. Central Intelligence Agency,
 
 639 F.2d 1146, 1156-57 (5th Cir.1981) (“Since appellant’s allegations should not have survived the [jurisdictional] attack ..., the court had no jurisdiction to dispose of the case on the merits”).
 

 We conclude that the Claims Court erred in converting the Government’s motion to dismiss items 2-4 into a motion for summary judgment and in considering summary judgment on item 1
 
 sua sponte
 
 without providing notice to Thoen of its intention to do so. The Government’s position is correct insofar as it suggests that the Claims Court Rules do not specifically mandate a ten-day waiting period as do the Federal Rules.
 
 Cf, e.g., Underwood v. Hunter,
 
 604 F.2d 367, 369 (5th Cir.1979) (requiring strict adherence to the ten-day notice requirement of Federal Rule
 
 *1115
 
 56(c)). The Claims Court Rules do, however, embody the same notions of fundamental fairness, buttressed by the constitutional requirement of due process, which mandate that a party have some opportunity, reasonable in the circumstances, to present a case before judgment is entered against it.
 

 The sum of it is that appellant had no opportunity at all to answer count (or item) 1 because the Government did not move to dismiss that count.
 
 See
 
 footnote 1,
 
 supra,
 
 and text therewith. As for counts (items) 2-3, appellee’s motion to dismiss was made solely on jurisdictional grounds, and (as we have explained,
 
 supra)
 
 that type of challenge cannot ordinarily be converted (at least without proper notice and chance to respond, not present here) to a motion for summary judgment on the merits. Accordingly, Thoen did not have proper notice or sufficient opportunity to respond to a motion for summary judgment.
 

 III.
 

 The Government contends that, even if summary judgment was improper, the Claims Court correctly dismissed the complaint for failure to state a claim for which relief can be granted. The court noted “that plaintiff would be unable at trial to prove any set of facts which would entitle him to relief on claim Item 1 [for the contract price].” 5 Cl.Ct. at 829. Thoen, on the other hand, argues that he performed substantially all the contract called for when he submitted the monthly reports. He urges that, if granted the opportunity, he would prove that he had “already provided the Army with documented findings worth millions of dollars,”
 
 [3]
 
 and that compilation of a final technical report would essentially be a redundant task.
 

 Substantial performance is not a matter easily decided on the pleadings. Whether a party to a contract who has performed some, but not all, of its obligations under the contract has substantially performed is a question of fact. A. Corbin,
 
 Corbin on Contracts
 
 § 704 (1960).
 

 In each case the answer will depend in large measure upon the character and extent of the partial failure—upon its relative importance to the party affected by it. In all alike we need to know whether the failure is “substantial” or unsubstantial. The ratio between the part that is not performed and the full performance promised varies with the case.
 

 Id.
 
 § 700. This court’s predecessor adopted a similar view in
 
 Burroughs Corp. v. United States,
 
 634 F.2d 516, 225 Ct.Cl. 63 (1980). There the contractor agreed to deliver sorting machines and operating manuals to the Postal Service. The manuals were due before the delivery date for the equipment. Because of technical problems, the contractor delivered the equipment first, and offered to maintain the equipment at its own expense until the manuals arrived. The Postal Service refused this offer, and penalized the contractor. The Court of Claims ruled that, in evaluating the contractor’s argument that it had substantially performed its contractual obligations, the Government placed too much importance on the contract’s specifics: “In judging the materiality of the delivery sequence, both parties lay almost exclusive stress on the terms of the contract and neglect the actual circumstances of the case.” 634 F.2d at 520, 225 Ct.Cl. at 71.
 

 The Claims Court committed a similar error here. The court held simply that “[t]he Government is entitled to get what it contracts for, which in this case was a Final Technical Report.” 5 Cl.Ct. at 826-27. This bald assertion completely ignores Thoen’s substantial performance arguments, which are not frivolous on their face. Thoen asserts:
 

 All of the data and information required by the said contract was developed by plaintiff and submitted to the defendant,
 
 *1116
 
 and defendant has received and used all of the data and information delivered by plaintiff, except that, because of the wrongful acts of defendant’s authorized representatives, plaintiff did not prepare a final report to formally summarize all the information previously submitted.
 

 Complaint, ¶ 7. Notwithstanding Thoen’s allegations of wrongful governmental conduct, the complaint alleges that the Government received substantially all it was entitled to under the contract. On the pleadings, there are certainly two possibilities. The final technical report required under the contract may essentially be only a compilation of the most important, monthly reports. On the other hand, it may include synopses and evaluations of data without which the monthly reports are useless. The record of undisputed facts in this case does not admit of a determination in this regard. Summary disposition on this point was, therefore, inappropriate.
 
 [4]
 

 IV.
 

 The remaining issue is whether the Claims Court properly dismissed items 2-4 with prejudice, for failure to certify these claims (which exceeded $50,000). Thoen argues primarily that submitting a certified claim to the contracting officer would be a useless act, since he is certain to reject it. Whatever Thoen may prophesy, Congress has determined that submission of a certified claim to the contracting officer in the first instance is a jurisdictional prerequisite to filing a suit in the Claims Court.
 
 W.M. Schlosser Co. v. United States,
 
 705 F.2d 1336 (Fed.Cir.1983). The fact that Thoen sent a certified copy of his Claims Court complaint to the contracting officer does not satisfy the statutory requirement.
 
 W.H. Moseley Co. v. United States,
 
 677 F.2d 850, 230 Ct.Cl. 405,
 
 cert. denied,
 
 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982).
 

 However, the Claims Court erred when it dismissed items 2 and 3 with prejudice. If Thoen now submits his certified claim to the contracting officer and is denied relief, he may then bring his case before the Claims Court again. The Government argues that dismissal with prejudice in this case was appropriate because relief as to items 2-4 was contingent upon success as to item 1. We have, however, reinstated Thoen’s case as to item 1. Therefore, the sole ground for dismissing items 2 and 3 was lack of jurisdiction, and dismissal without prejudice is the proper course. Claims Court Rule 41(b);
 
 Arlington Alliance, Ltd. v. United States,
 
 685 F.2d 1353, 1360, 231 Ct.Cl. 347, 359-60 (1982).
 

 Item 4, the claim for attorney’s fees, is, of course, contingent upon Thoen’s success on the merits in the Claims Court.
 
 See Essex Electro Engineers, Inc. v. United States,
 
 757 F.2d 247, 250-52 (Fed.Cir.1985) (discussing the Equal Access to Justice Act). This portion of Thoen’s complaint should therefore be held in abeyance pending resolution of his case.
 

 V.
 

 For the foregoing reasons, we vacate the judgment of the Claims Court. The case is remanded to that court for: (1) consideration of item 1 of Thoen’s complaint in accordance with this opinion; (2) dismissal of items 2 and 3 without prejudice; and (3) appropriate consideration of item 4 at the proper time.
 

 VACATED AND REMANDED.
 

 [1]
 

 . So in Claims Court opinion, not in Thoen's complaint.
 

 [2]
 

 . On brief, the Government states that it moved to dismiss the entire claim for $244,880—i.e., all four items in Thoen’s complaint. The Claims Court’s opinion states however that "defendant does not move that claim Item 1 be dismissed.” 5 Cl.Ct. at 826.
 

 [3]
 

 . Letter from Richard L. Thoen to Fred Principe, Contracting Officer, dated December 15, 1982. Appellant's App. at 65.
 

 [4]
 

 . The Government argues that the substantial performance doctrine is applied only in cases involving the timely delivery of goods which have minor, correctible defects. In fact, the doctrine initially arose in cases involving construction contracts, but it certainly has not been limited to any particular type of case.
 
 See
 
 Corbin,
 
 supra,
 
 § 701. To illustrate,
 
 Burroughs,
 
 on which we rely in this case, did not involve the situation which the
 
 Government
 
 describes.