899 F.2d 1227
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
H. Richard WESTERHOLD, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1500.
 United States Court of Appeals, Federal Circuit.
 Jan. 2, 1990.
 
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 The United States Claims Court granted the government's motion to dismiss plaintiff's Complaint, filed by him as statutory trustee for the Dimarco Corporation, for lack of subject matter jurisdiction because plaintiff failed to certify his claim to the contracting officer for decision, as required by the Contract Disputes Act, 41 U.S.C. Sec. 605(c)(1) (1982). Westerhold v. United States, No. 658-86-C (Cl.Ct. Apr. 5, 1989); see Thoen v. United States, 765 F.2d 1110, 1116 (Fed.Cir.1985) (certification is a prerequisite of Claims Court jurisdiction). Although at oral argument the parties stipulated that, though not so denominated in the trial court's Order, the dismissal should be considered without prejudice, we vacate the dismissal Order and remand for the Claims Court to enter an order specifically providing that the Complaint, and all claims expressly or impliedly stated therein, is dismissed without prejudice. See Thoen, 765 F.2d at 1116 (When the sole ground for dismissal is lack of jurisdiction because of a non-certified claim, "dismissal without prejudice is the proper course.").
 
 
 2
 As interpreted in our consideration of this appeal, the complaint expressly asserts one claim for $87,517.00, and, impliedly, another for an additional $12,741.00. Dimarco claimed that its work justified payment of $87,517.00 beyond the $150,170.00 the government had already paid, while the government asserted that Dimarco's work neither justified the $87,517.00 nor the last $12,741.00 of $150,170.00. The smaller claim may also properly be considered a contractor claim, not a government claim, because Dimarco is asserting a right to payment by the government and would have the burden of proof to establish the value of work it completed, which is as much the essential foundation of the smaller claim, as the larger. See Equitable Life Assurance Soc'y, GSBCA No. 7966-R, 87-2 BCA p 19,733, at 99,899. Moreover, both claims arise from the same operative facts and the same type of work under the same contract. Although one claim is for less than $50,000.00, both require certification under the rule requiring aggregation of contractor claims arising from "the same set of operative facts." See Walsky Constr. Co. v. United States, 3 Cl.Ct. 615, 618-19 (1983). Therefore, even assuming the smaller claim was properly pleaded in Dimarco's Complaint, it was as fatally defective for lack of certification as the larger claim. Accordingly, the Claims Court dismissal of the Complaint for lack of subject matter jurisdiction for failure to comply with the applicable provisions of the Contract Disputes Act, 41 U.S.C. Secs. 605 & 609 (1982), must be and is deemed a dismissal of both claims.
 
 
 3
 If hereafter properly certified and presented to the contracting officer, these claims would appear to form a proper predicate for a final written decision appealable to the General Services Board of Contract Appeals or, at the contractor's option, to the Claims Court within twelve months. Although the letter by the contracting officer dated January 30, 1986, was labeled "certified," both parties stipulate and the record confirms there was no certification. Accordingly, although also labeled a "final decision," the contracting officer's letter was not, in law, a final decision. See Paragon Energy Corp. v. United States, 645 F.2d 966, 971 (Ct.Cl.1981) (contracting officer has no authority under Contract Disputes Act to issue a decision until a contract claim "has been properly submitted to him" (emphasis added)). Appeal times only commence upon issuance of a final written decision, and if the contractor "now submits his certified claim to the contracting officer and is denied relief, he may then bring his case before the Claims Court again." Thoen, 765 F.2d at 1116. Therefore, it would not appear to be a vain act for the contractor to return to the contracting officer and present both claims in certified form, should he so choose. In any event, dismissal of the Complaint is required, but, under Thoen, it must be dismissed without prejudice.
 
 
 4
 It is therefore ordered that the Claims Court dismissal Order of April 5, 1989 is VACATED and the case is REMANDED for issuance of an order dismissing the Complaint without prejudice.