975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AVISON LUMBER COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5041.
 United States Court of Appeals, Federal Circuit.
 July 14, 1992.
 
 Before RICH, MAYER and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Avison Lumber Company appeals the decision of the United States Claims Court which dismissed Avison's suit for lack of subject matter jurisdiction. Avison Lumber Co. v. United States, No. 590-88C, (Cl.Ct. Oct. 28, 1991). Because neither the November 9, 1982 submission nor the October 14, 1987 submission was a properly certified claim and because the two submissions cannot be combined to satisfy the prerequisites for Claims Court jurisdiction, we affirm.
 
 DISCUSSION
 
 2
 The Contract Disputes Act (CDA) provides: "All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a) (1988). This provision has been interpreted to mean that in order for a submission to be a claim it must contain a request for a final decision. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1395 (Fed.Cir.1987). The November 9, 1982 submission did not request a final decision but on the contrary requested that the "claim be held in abeyance until such time as we determine that negotiations to settle the claim should be abandoned." Without a request for a final decision, the submission is not a claim and affords the Claims Court no basis for jurisdiction. See Thoen v. United States, 765 F.2d 1110, 1116 (Fed.Cir.1985) (stating that "submission of a certified claim to the contracting officer in the first instance is a jurisdictional prerequisite to filing suit in the Claims Court").
 
 
 3
 Likewise, the October 14, 1987 submission does not appear to satisfy the requirements for a claim. The Federal Acquisition Regulation (FAR) defines the term "claim" as:
 
 
 4
 a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.
 
 
 5
 48 C.F.R. § 33.201 (1991). See Essex Electro Engineers, Inc. v. United States, 960 F.2d 1576, 1580 (Fed.Cir.1992). In the October 14, 1987 submission, Avison proposed a settlement in the amount of $56,918; and if that was not accepted, Avison requested in the alternative that the contracting officer issue a final decision on the claim that it purported to assert in the November 9, 1982 submission for $364,256.56.[1] Because two different sums appear to have been asserted, the submission does not satisfy the regulatory requirement that the submission demand a sum certain as a matter of right.
 
 
 6
 Even if the October 14, 1987 submission were interpreted to request a sum certain in the lower amount and thereby satisfy the regulatory requirements for a claim, the October 14, 1987 submission fails to satisfy the statutory requirement that the claim be certified. See 41 U.S.C. § 605(c)(1) (1988). Although the November 9, 1982 submission was certified, the October 14, 1987 submission was not. Therefore, the October 14, 1987 submission cannot, in and of itself, serve as a basis for Claims Court jurisdiction. See Skelly and Loy v. United States, 685 F.2d 414, 418-19 (Ct.Cl.1982).
 
 
 7
 The issue then becomes whether the two submissions can be considered together to satisfy the jurisdictional prerequisites for Claims Court jurisdiction. They cannot. "[T]he [CDA] ... makes clear that the time for certification is upon submission of a written claim to the contracting officer. Section 605(c)(1) & (2)." Id. at 418. Thus, Avison's November 9, 1982 certification cannot be combined with its later submission on October 14, 1987 to satisfy the statutory requirement of certification. See also J.M.T. Mach. Co., Inc. v. United States, 826 F.2d 1042, 1046 (Fed.Cir.1987) (dismissing as unpersuasive argument that a separate, late certification retroactively cured the lack of certification in an earlier submission). Moreover, the statute requires that the contractor certify "that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable." 41 U.S.C. § 605(c)(1). Clearly, the purpose of this statutory mandate would not be fulfilled if we allowed a certification that refers to one specific amount be transferrable to a submission that also referenced a different amount. We are not persuaded to allow this even where the uncertified smaller amount was a component of the larger amount originally asserted and certified. Accordingly, the Claims Court properly dismissed for lack of jurisdiction.
 
 
 
 [1]
 With respect to the proposed settlement, the October 14, 1987 letter stated:
 If you are unwilling to agree to this settlement, please issue a formal contracting officer's decision on Avison's November 9, 1982 certified claim so that suit can be filed in the U.S. Claims Court to recover the remaining amounts owed.
 We note that the letter also stated:
 Avison Lumber Co. modifies and limits its certified claim to recover $56,918.00, plus interest as allowed by law from November 9, 1982 until paid.