ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Suzan Company | ) ASBCA No. 59817 |
| | ) |
| Under Contract No. W91GF5-11-M-0043 | ) |

APPEARANCE FOR THE APPELLANT:     Ms. Khadija Saeed
        Owner/Manager

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
        Army Chief Trial Attorney
        CPT Jessica E. Edgell, JA
        Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant Suzan Company (Suzan) seeks payment pursuant to a purported contract with the United States Department of the Army (Army) for six trash trucks at $101,000 each, for a total of $606,000. The Army disputes the existence of the contract and moves to dismiss for lack of jurisdiction, or in the alternative for summary judgment. For the reasons set forth below, we grant the Army's motion to dismiss.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 14 January 2011[1] the Army awarded Contract No. W91GF5-11-M-0043 (contract), in the amount of $606,000, to Suzan for six "New (2009) 4x2 Trash Truck, (8-10m), Japanese origin" to be delivered to Forward Operating Base Warhorse[2] (compl. ¶ 5, attach. 1).[3]

2. Suzan subsequently delivered the trash trucks, and submitted invoice 45 on 29 January 2011 (compl. ¶¶ 6-7). Mark Johnson issued and signed a form DD250 receiving report to confirm acceptance of the trucks (compl. ¶ 8, attach. 2). The invoice was submitted to the Defense Finance Accounting Services (DFAS) for payment the following day (compl. ¶ 9).

---

[1] The complaint provides a date of 14 June 2011; however, the attached copy of the purported contract is dated 14 January 2011.

[2] The allegations contained in the complaint are assumed to be true for the purpose of this decision. The Army disputes the existence of the cited contract.

[3] The attachments to the complaint were numbered consecutively by the Board for reference purposes.

3. Suzan communicated with the Army and DFAS several times in February 2011 but did not receive payment because the electronic funds transfer information did not match the company name and the manager's name. After February 2011, Suzan did not receive any responses from the Army. (Compl. ¶¶ 10-16)

4. On 23 December 2014, Suzan contacted the Army Contracting Command's Reachback Closeouts Division, at Rock Island, Illinois seeking payment of its January 2011 invoice. The following day the Army responded that it could not make payment because the company name does not match the name on the bank account submitted for payment. (Compl. ¶¶ 17-18, attach. 7)

5. Suzan attempted other communications with the Army and then on 12 January 2015 Suzan emailed President Obama, the contracting officer, and many other Defense Department employees again seeking payment (compl. ¶¶ 19-20, attach. 4).

6. On 24 January 2015, Suzan received the 22 January 2015 contracting officer's final decision denying its 12 January 2015 claim (compl. ¶ 21, attach. 6). The final decision states that the Army has no record of the contract number (compl. attach. 9).

7. On 4 February, 2015, Suzan appealed from the contracting officer's final decision to the Board.

8. On 5 February 2015, Suzan served its complaint in this appeal. In an attachment to the complaint, following the email addressed to President Obama, Suzan included a certification of its claim. The claim certification is dated 14 January 2015, but does not indicate that it was sent to the contracting officer, or if sent, how it was sent. There is no indication that the claim certification was an attachment to the email to President Obama, and the contracting officer. Based upon the 14 January 2015 date of the claim certification, it could not have been an attachment to the 12 January 2015 email to President Obama and the contracting officer. (Compl. attach. 5)

9. In a declaration dated 24 June 2015, Andrea Kalb, the contracting officer for Suzan's claim, and the Chief of the Reachback-Closeout Branch, stated that she did not receive a certification of the claim prior to issuing the contracting officer's final decision (Kalb Decl. ¶ 3).

## DECISION

The Army moves to dismiss this appeal, arguing that the Board lacks jurisdiction first because Suzan's submission constituted a routine request for payment, rather than a claim. If the submission was a claim, the government moves to dismiss because Suzan failed to certify its claim which was in excess of $100,000. Alternatively, the government moves for summary judgment because Suzan did not have a contract with the government. On 23 December 2015, the Board issued an order directing Suzan to respond to the government's motion within 30 days.

2

On 2 February 2016, the Board issued an order directing Suzan to respond to the government's 23 December 2015 motion within 21 days. On 24 February 2016 the Board issued an order directing Suzan to respond the government's motion on or before 15 March 2016 or to show cause why the Board should not rule on the pending motion without further comment from the parties. Suzan has not responded to the government's motion, or the Board's orders.

Suzan bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. Pursuant to the Contract Disputes Act (CDA), "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). In addition, a claim in excess of $100,000 must be certified. 41 U.S.C. § 7103(b)(1). Thus Suzan must prove that it submitted a certified claim for payment of Invoice No. 45 to the contracting officer in order to establish this Board's jurisdiction. *Id.*; *United Healthcare Partners,* 13 BCA ¶ 35,277 at 173,156-57; *KAL M.E.I. Mfg. & Trade Ltd.* ASBCA No. 40596, 92-1 BCA ¶ 24,713.

Assuming, but not deciding, for the purpose of this decision, that Suzan's 12 January 2015 email constituted a claim for the purpose of the CDA, we grant the government's motion to dismiss because the claim was not certified. The CDA's requirement that claims over $100,000 be certified:

> [I]s not a matter which can be waived by the contracting officer
> and a decision by the contacting officer, absent a valid claim, is
> null and void and not appealable pursuant to the Contract Disputes
> Act of 1978 even though it contains the 'magic language' that it is
> a final decision and instructions concerning appeal.

*KAL M.E.I. Mfg.*, 92-1 BCA ¶ 24,713 at 123,352.

The Board may consider evidence outside of the pleadings in a jurisdictional motion. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947). In this appeal, Andrea Kalb issued a declaration asserting that she did not receive a certification of the claim prior to issuing the contracting officer's final decision (SOF ¶ 9). As noted above, Suzan did not file an opposition to the government's motion and did not challenge Ms. Kalb's statement with its own declaration. The complaint filed by Suzan with the Board does contain a claim certification, dated 14 January 2015. However, the certification does not indicate that it was ever sent to the contracting officer, or if it was sent, how it was sent. The certification is not mentioned in the complaint and is included in a group of emails attached, but not separately numbered or identified in the complaint. There is no indication that the claim certification was an attachment to the 12 January 2015 email sent to President Obama, the contracting officer, and others. Based upon the 14 January 2015 date of the claim certification, it could not have been an attachment to the 12 January 2015 email to the contracting officer. (SOF ¶ 8) Thus, we find that the certification was not provided to the contracting officer prior

3

to the contracting officer's issuance of her final decision on 22 January 2015. The fact that a certification subsequently was provided to the Board and the agency cannot cure the lack of a proper certification. *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985). Suzan has therefore failed to meet its burden of establishing the Board's jurisdiction.

## CONCLUSION

The Army's motion to dismiss for lack of jurisdiction is granted. The appeal is dismissed without prejudice to Suzan submitting a properly certified claim to the contracting officer.

Dated: 17 August 2016

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59817, Appeal of Suzan Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4