NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GLADYS S. VANDESANDE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1603

---

Appeal from the United States Court of Federal Claims in No. 1:09-cv-00258-LKG, Judge Lydia Kay Griggsby.

---

Decided: April 17, 2019

---

RODERICK VICTOR HANNAH, Plantation, FL, argued for plaintiff-appellant.

DOUGLAS T. HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT.

---

Before NEWMAN, SCHALL, and O'MALLEY, *Circuit Judges.*

SCHALL, *Circuit Judge*.

## DECISION

Gladys S. VanDesande appeals two separate summary judgment decisions of the United States Court of Federal Claims: *VanDesande v. United States*, No. 09-258C, slip op. at 1 (Fed. Cl. Feb. 24, 2017) ("*VanDesande I*"), Appellant's App. 29; and *VanDesande v. United States*, No. 09-258C, slip op. at 1 (Fed. Cl. Dec. 21, 2017) ("*VanDesande II*"), Appellant's App. 6. For the reasons set forth below, we *affirm-in-part*, *reverse-in-part*, and *remand*.

## DISCUSSION

### I.

The parties are well-familiar with the facts. We therefore recite only what is necessary for them to understand our decision.

On April 24, 2009, Ms. VanDesande filed suit in the Court of Federal Claims. In her suit, she alleged that the United States Postal Service ("Postal Service") had breached the Stipulation Agreement Regarding Damages that she and the Postal Service had entered into in June of 2003 ("Stipulation Agreement" or "Agreement"), Appellant's App. 84. The purpose of the Stipulation Agreement was to finally resolve a proceeding brought by Ms. VanDesande before the Equal Employment Opportunity Commission ("EEOC"). After the Court of Federal Claims dismissed the suit for lack of jurisdiction, *VanDesande v. United States*, 94 Fed. Cl. 624 (2010), Ms. VanDesande appealed to this court. In *VanDesande v. United States*, 673 F.3d 1342 (Fed. Cir. 2012), we reversed the decision of the Court of Federal Claims and remanded the case to the court for proceedings on Ms. VanDesande's breach of contract claim.

After the case was returned to it, the Court of Federal Claims proceeded to address Ms. VanDesande's breach

claim. Pertinent to this appeal, Ms. VanDesande claimed that the Postal Service had breached the Stipulation Agreement in the following respects: (1) The Postal Service breached paragraphs 1 and 2 of the Agreement by not reinstating her to her prior letter carrier position with pay. (2) The Postal Service breached paragraph 21 of the Agreement by prematurely terminating her employment in June of 2007, prior to making all payments required under the Agreement. (3) The Postal Service breached paragraph 14 of the Agreement by failing to pay her the 2003 tax consequences that arose out of the lump sum and back pay payments that she received that year from the Postal Service.

In *VanDesande I*, the Court of Federal Claims made the following rulings on the parties' cross-motions for summary judgment: *First*, the court held that paragraphs 1 and 2 of the Stipulation Agreement did not require the Postal Service to reinstate Ms. VanDesande to her prior letter carrier position with pay. *VanDesande I*, slip op. at 25–26, Appellant's App. 53–54. The court thus granted summary judgment for the government on this issue. *Id.* at 31, Appellant's App. 59. *Second*, the court held that there were material facts in dispute with respect to the question of whether the Postal Service breached paragraph 21 of the Stipulation Agreement when it terminated Ms. VanDesande from her employment in June of 2007. *Id.* at 27–28, Appellant's App. 55–56. *Third*, the court held that, under paragraph 14 of the Stipulation Agreement, the Postal Service is obligated to pay the tax consequences arising from the lump sum and back pay payments Ms. VanDesande received in 2003. The court also held, however, that the Postal Service is not obligated to pay Ms. VanDesande's entire tax liability. *Id.* at 21–23, Appellant's App. 49–51. And *fourth*, the Court held that there were material facts in dispute with respect to the question of whether the Postal Service breached paragraph 14 of the Agreement by failing to pay Ms. VanDesande her 2003 tax consequences. Specifically, the court stated that "material

facts remain in dispute regarding[] whether plaintiff provided her tax consequences calculations to the appropriate [Postal Service] officials." *Id.* at 23, Appellant's App. 51.

Following *VanDesande I*, the parties filed renewed cross-motions for summary judgment regarding the termination issue and the 2003 tax consequences issue. The Court of Federal Claims addressed these issues in *VanDesande II*.

On the issue of whether the Postal Service breached paragraph 21 of the Stipulation Agreement when it terminated Ms. VanDesande from her employment in June of 2007, the court determined that Ms. VanDesande had failed to "state a plausible claim for relief." *VanDesande II*, slip op. at 21, Appellant's App. 26. The court reasoned that "any breach of paragraph 21 would not result in damages, given that plaintiff served in a non-pay, non-duty status prior to her termination." *Id.* The court therefore granted summary judgment for the government on this issue. *Id.* at 22, Appellant's App. 27.

The court also granted summary judgment for the government on the 2003 tax consequences issue. *Id.* As indicated above, tax consequences are covered in paragraph 14 of the Stipulation Agreement. Appellant's App. 89–90. Among other things, paragraph 14 contemplates Ms. VanDesande submitting to the Postal Service accountant-prepared calculations of the Postal Service's tax consequences liability. In 2004, after correspondence between Ms. VanDesande's representative and the representative of the Postal Service, the Postal Service retained the accounting firm of Michaelson & Co. ("Michaelson") to calculate its tax consequences liability for 2003. In February of 2005, Michaelson determined that the Postal Service owed Ms. VanDesande $33,691 in 2003 tax consequences. *Id.* at 507. In due course, Ms. VanDesande retained her own accountant, Antonio E. Gomez. In April of 2006, Mr. Gomez determined that the Postal Service owed Ms. VanDesande

$42,471 in 2003 tax consequences. *Id.* at 557–58. Paragraph 29 of the Stipulation Agreement requires that "[a]ll service of documents" is to be by "U.S. Postal Service Certified Mail, Return Receipt Requested PS Form 3811." *Id.* at 94. However, rather than using this method of service, Ms. VanDesande provided Mr. Gomez's calculations to the Postal Service by attaching them to a motion for reconsideration filed in the EEOC proceeding she brought to enforce the Stipulation Agreement. In that regard, it appears that, on or about May 15, 2006, the Postal Service attorney who was dealing with Ms. VanDesande's representative received this pleading, including Mr. Gomez's 2003 tax consequences calculations.[*]

The Court of Federal Claims granted summary judgment for the government on this issue on the ground that Ms. VanDesande had not complied with the requirement of paragraph 29 of the Stipulation Agreement for service of documents by certified mail, return receipt requested. *VanDesande II*, slip op. at 18–21, Appellant's App. 23–26. The court rejected Ms. VanDesande's claim that she had substantially complied with paragraph 29 when, in May of 2006, she served the Postal Service's designated representative with a copy of her motion for reconsideration in the EEOC proceeding and attached to the motion her accountant's calculations.

---

[*] The certificate of service indicates that the motion for reconsideration was served by first class mail on April 28, 2006. Appellant's App. 528. However, the date on the date stamp marking the pleading as received in May of 2006 by the Postal Service is illegible, *id.* at 519, and the parties have not provided a specific date of receipt by the Postal Service. The parties do not appear to dispute that the document was received in early May, *id.* at 434, and thus, no later than May 15, 2006.

Plaintiff correctly argues that a purpose of the Stipulation Agreement's requirement to serve the accountant-prepared calculation *via* certified mail is to ensure that the USPS receives the calculation. But, another essential purpose of this requirement is to make clear to the USPS that this calculation is being provided for the purpose of activating the Stipulation Agreement's payment and dispute resolution provisions. Plaintiff did not accomplish this goal by simply attaching the accountant-prepared calculation to her EEOC filing and serving this filing on the USPS.

*Id.* at 20–21, App. 25–26 (citation and footnote omitted).

Having granted summary judgment in favor of the government in both *VanDesande I* and *VanDesande II*, on December 22, 2017, the Court of Federal Claims entered judgment dismissing Ms. VanDesande's complaint. Appellant's App. 5. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

"We review the summary judgment of the Court of Federal Claims, as well as its interpretation and application of the governing law, de novo." *Premier Office Complex of Parma, LLC v. United States*, 916 F.3d 1006, 2019 WL 660923, at *3 (Fed. Cir. 2019) (quoting *Hartman v. United States*, 694 F.3d 96, 101 (Fed. Cir. 2012)). "The Rules of the Court of Federal Claims ('RCFC') provide that summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting RCFC 56(a)).

## III.

As noted above, Ms. VanDesande appeals the decisions of the Court of Federal Claims in *VanDesande I* and *VanDesande II*. She argues that, in *VanDesande I*, the

court erred in holding that paragraphs 1 and 2 of the Stipulation Agreement did not require the Postal Service to reinstate her to her prior letter carrier position with pay. She also argues that the court erred in not requiring the Postal Services to pay her entire tax liability. She makes two arguments with respect to *VanDesande II*. First, she urges that the court erred in rejecting her claim that the Postal Service breached paragraph 21 of the Stipulation Agreement when it terminated her from her position in June of 2007. Second, she challenges the ruling of the court on her claim relating to the 2003 tax consequences. Specifically, she contends that the court erred in rejecting her claim that she substantially complied with paragraph 29 of the Stipulation Agreement when she attached her accountant's tax calculations to her motion for reconsideration in the EEOC proceeding.

Having reviewed the two decisions of the Court of Federal Claims that are before us and having considered the arguments of the parties, both in their briefs and at oral argument, we find no error in the ruling of the court in *VanDesande I* concerning Ms. VanDesande's reinstatement claim. We also find no error in the ruling of the court in *VanDesande I* limiting the scope of Ms. VanDesande's tax consequences to the increased tax liability she incurred due to the lump sum and back pay payments she received. Turning to *VanDesande II*, we find no error in the decision of the court concerning Ms. VanDesande's termination claim. We do conclude, however, that the court erred when, in connection with Ms. VanDesande's 2003 tax consequences claim, it ruled that Ms. VanDesande had failed to substantially comply with the service requirement of paragraph 29 of the Stipulation Agreement.

## IV.

Whether a party has substantially complied with the provisions of a contract is a question of fact. *Thoen v. United States*, 765 F.2d 1110, 1115 (Fed. Cir. 1985). The

facts relating to whether Ms. VanDesande substantially complied with the service requirement of paragraph 29 of the Stipulation Agreement are not in dispute. The issue thus comes down to whether, when Ms. VanDesande served her accountant's calculations by attaching them to her motion for reconsideration, the government "obtained, for all intents and purposes, all the benefits it reasonably anticipated receiving under [paragraph 29 of the Stipulation Agreement.]" *Kinetic Builder's Inc. v. Peters*, 226 F.3d 1307, 1315–16 (Fed. Cir. 2000) (citing *Franklin E. Penny Co. v. United States*, 524 F.2d 668, 677 (Ct. Cl. 1975)). We conclude that it did.

We agree with the Court of Federal Claims that a purpose of paragraph 29's service requirement was to ensure that the Postal Service receive Ms. VanDesande's accountant-prepared calculations. We also agree with the court that another purpose of the requirement was to activate the payment and dispute resolution provisions of paragraph 14 of the Agreement. In our view, both of those purposes were served. First, when the Postal Service received Ms. VanDesande's motion for reconsideration, it also received her accountant-prepared calculations. And second, in view of the prior correspondence between Ms. VanDesande's representative and the representative of the Postal Service, it seems clear that the purpose of the accountant-prepared calculations was to activate paragraph 14's payment and dispute resolution provisions. We thus hold that the attachment of the accountant-prepared calculations to the motion for reconsideration constituted substantial compliance with the service requirement of paragraph 29 of the Stipulation Agreement. The decision of the Court of Federal Claims to the contrary is therefore reversed.

Having concluded that there was substantial compliance with paragraph 29 of the Stipulation Agreement, we normally would remand to the Court of Federal Claims for it to decide the amount of 2003 tax consequences to which

Ms. VanDesande is entitled, since the court has not addressed that issue. We do not believe that is necessary here, however. On appeal, Ms. VanDesande has not challenged the Michaelson calculation of $33,691 for 2003 tax consequences. At the same time, both in briefing and at oral argument, the government stated that it would promptly pay that amount to Ms. VanDesande. Under these circumstances, we hold that Ms. VanDesande is entitled to recover the sum of $33,691 for her 2003 tax consequences. In view of our affirmance of the ruling of the Court of Federal Claims in *VanDesande I* regarding the scope of the Postal Service's liability with respect to tax consequences, this is the entire principal amount of tax consequences recovery to which Ms. VanDesande is entitled.

That leaves two matters to be addressed on remand. First, paragraph 14 of the Stipulation Agreement provides that Ms. VanDesande is entitled to interest at the "Federal Judgment Rate" on any tax consequences payment not made within 180 days of the receipt of her accountant's calculations. That means that Ms. VanDesande is entitled to interest on the sum of $33,691 starting 180 days from May 15, 2006, until the date of payment. Second, paragraph 14 of the Stipulation Agreement also provides that the Postal Service "shall be responsible for all costs, legal fees and accountant fees incurred by the Complainant to enforce this provision of the Stipulation Agreement." Appellant's App. 89.

On remand, after receiving the views of the parties, it will be for the Court of Federal Claims to determine (1) the amount of interest and (2) the amount of reasonable costs, reasonable legal fees, and reasonable accountant fees to which Ms. VanDesande is entitled under paragraph 14 of the Stipulation Agreement. We commend counsel for Ms. VanDesande and counsel for the government for the candor and forthrightness they both exhibited at oral argument. We urge them to continue in that spirit so that, on remand,

they may assist the Court of Federal Claims in bringing this lengthy dispute to a conclusion.

CONCLUSION

The decision of the Court of Federal Claims in *VanDesande I* is *affirmed*. The decision of the Court of Federal Claims in *VanDesande II* is *affirmed-in-part* and *reversed-in-part*. *VanDesande II* is *remanded* to the court (1) for entry of judgment for Ms. VanDesande in the amount of $33,691; (2) for determination of the amount of interest to which Ms. VanDesande is entitled on that amount; and (3) for determination of the amount of reasonable costs, reasonable legal fees, and reasonable accountant fees to which Ms. VanDesande is entitled.

**AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED**

COSTS

Each party shall bear its own costs.