# In the United States Court of Federal Claims

No. 24-1095
(Filled Under Seal: October 21, 2024)
Reissued: October 24, 2024[1]

|  |  |
|---|---|
| COMPUTER WORLD SERVICES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| HYGEIA SOLUTIONS PARTNERS, LLC, | ) ) |
| Defendant-Intervenor. | ) ) ) ) |

*Matthew T. Schoonover*, Schoonover & Moriarty LLC, Olathe, KS, for plaintiff.

*Kyle S. Beckrich*, U.S. Department of Justice – Civil Division, Washington, D.C., for defendant.

*Alexander B. Ginsberg*, Fried, Frank, Harris, Shriver & Jacobson LLP, Washington, D.C., for defendant-intervenor.

## ORDER AND OPINION

Law should guide litigants. Particularly, jurisdictional guideposts point to whether "the power of the court should be exerted [o]n [a claimant's] behalf." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). This matter, according to all parties, is no exception; a single already adjudicated question decides it: Is the protest "connected to the issuance or proposed issuance of a task order?" *E.g.*, Plaintiff's Response to Both Defendant and Defendant Intervenor's Motions to Dismiss at 2, ECF No. 23 [hereinafter Pl.'s Response]; Defendant's Motion to Dismiss at 2, ECF No. 21 [hereinafter Def.'s Mot.]. Unsurprisingly, the

---

[1] An unredacted version of this order and opinion was issued under seal on October 21, 2024. The parties were given an opportunity to propose redactions. On October 24, 2024, the parties filed a joint status report informing the Court that "[t]he parties have conferred and agree that no redactions are necessary." *See* Joint Status Report at 1, ECF No. 33. The Court therefore reissues the order and opinion without any redactions.

answer is yes—meaning dismissal for lack of subject-matter jurisdiction is required. *See SRA International, Inc. v. United States*, 766 F.3d 1409, 1413 (Fed. Cir. 2014). Plaintiff Computer World Services Corporation's ("Computer World") complaint, ECF No. 1, is thus dismissed without prejudice.

## I.    Background

### A.  Agency Protest History

In December 2022, the Department of Justice ("DOJ") issued a Task Order Request for Proposal No. 15JPSS23R00000012 (the "Task Order"), wherein the DOJ sought to procure information technology services for its Civil Division. The DOJ received offers from plaintiff, Computer World, and defendant-intervenor, Hygeia Solutions Partners ("Hygeia"), who is also the incumbent contractor. *See* Complaint at 1, 3–6, ECF No. 1 [hereinafter Compl.]. Both offerors provide information technology services to federal agencies and private entities. *Id.* at 3.

In May 2023, the DOJ awarded the Task Order to Hygeia after concluding that its offer provided the best value to the government. *Id.* at 6–8. Computer World subsequently protested the award at the Government Accountability Office ("GAO"), challenging, in part, the sufficiency of the DOJ's comparative evaluation between Computer World and Hygeia. *Id.* The DOJ then took its first voluntary corrective action to perform a comparative evaluation of the offerors more thoroughly. *Id.* at 8. The GAO thereafter dismissed Computer World's protest. *Id.*

In February 2024, after completing the corrective action, the DOJ awarded the Task Order to Hygeia once again. *Id.* On February 26, 2024, Computer World again protested the award at the GAO, alleging that the DOJ had conducted without notice (and thus improperly) a price realism evaluation in its renewed best value analysis. *Id.* at 9; Defendant-Intervenor's Motion to Dismiss at 3, ECF No. 22 [hereinafter Intervenor's Mot.]. The GAO conducted an outcome-predictive alternative dispute resolution, and ultimately determined that Computer World's protest would likely be sustained because the DOJ's decision to conduct a price realism evaluation was improper. Compl. at 9. On May 17, 2024, DOJ proposed a second corrective action, whereby "the agency will review its price analysis and best value determination." *Id.* (citation and internal quotation marks omitted); Intervenor's Mot. at 3. Computer World objected to the second corrective action, arguing that unless the membership of the technical evaluation panel changes, there would be the risk of another problematic comparative evaluation. Compl. at 10. The GAO then dismissed Computer World's second protest. *Id.*

On May 24, 2024, Computer World filed a third protest at the GAO, arguing that the DOJ's second proposed corrective action could never cure the error in the DOJ's best value determinations because the membership of the technical evaluation panel remains the same. *Id.* On June 14, 2024, the GAO dismissed the third protest as premature. *Id.*

**B. Procedural History**

On July 18, 2024, Computer World filed its complaint in this Court, claiming that the DOJ's corrective action was inadequate to remedy the harm originating from the previously flawed comparative evaluations of Computer World and Hygeia. *Id.* at 10–13. Computer World thus seeks—like it did at the GAO—the Court to order the DOJ to empanel new membership on the technical evaluation panel and conduct a new best-value comparative analysis. *Id.* at 13. On August 5, 2024, defendant and Hygeia individually moved to dismiss Computer World's complaint for lack of subject-matter jurisdiction. *See generally* Def.'s Mot.; Intervenor's Mot. On August 19, 2024, Computer World filed its response to both motions to dismiss. *See generally* Pl.'s Response. On August 26, 2024, both defendant and Hygeia filed their respective replies to plaintiff's response. *See generally* Defendant's Reply in support of its Motion to Dismiss, ECF No. 26; Defendant-Intervenor's Reply in support of its Motion to Dismiss, ECF No. 25. On September 12, 2024, defendant filed a notice of task order award, informing the Court that on August 30, 2024, the DOJ finished implementing the second corrective action and once again awarded the Task Order to Hygeia. *See* Notice of Task Order Award at 1, ECF No. 28 [hereinafter Notice].

## II.     Standard of Review

While the Tucker Act grants the Court jurisdiction over most bid protest actions, *see* 28 U.S.C. § 1491(b)(1), the Federal Acquisition Streamlining Act of 1994 ("FASA") deprives the Court of jurisdiction over protests "in connection with the issuance or proposed issuance of a task or delivery order," 41 U.S.C. § 4106(f)(1). Pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"), if the Court believes a cause-of-action contravenes FASA, then it must be dismissed for lack of subject-matter jurisdiction. *E.g.*, *Percipient.ai, Inc. v. United States, CACI, Inc.-Fed.*, 104 F.4th 839, 847 (Fed. Cir. 2024) ("[W]e interpret . . . language [of 41 U.S.C. § 4106(f)(1)] to mean that a protest is barred if it challenges the issuance of the task order directly or by challenging a government action (*e.g.*, waiver of an organizational conflict of interest) whose wrongfulness would cause the task order's issuance to be improper. (emphasis in original) (citing *SRA International, Inc.*, 766 F.3d at 1413)).

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court must take the facts alleged in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). But if a motion to dismiss challenges the jurisdictional facts, the Court can look beyond the complaint itself, *see Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999), for "allegations alone are insufficient to meet the [plaintiff's] burden" of properly invoking the Court's subject-matter jurisdiction, *see Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993).

## III.     Discussion

This Court and the United States Court of Appeals of the Federal Circuit ("Federal Circuit") have repeatedly stressed that *any claim*—even if it is predicated upon an agency's inadequate corrective action—that is made "in connection with the issuance or proposed issuance of a task or delivery order" is beyond our subject-matter jurisdiction. *SRA International, Inc.*,

766 F.3d at 1413 (construing 41 U.S.C. § 4106(f)(1)); *Percipient.ai, Inc.*, 104 F.4th at 847; *e.g.*, *Nexagen Networks, Inc. v. United States*, 124 Fed. Cl. 645, 653–54 (2015); *Mission Essential Pers., LLC v. United States*, 104 Fed. Cl. 170, 179 (2012). Because Computer World claims that the DOJ's task order corrective action was inadequate, the precedent is controlling, and the suit must be dismissed pursuant to RCFC 12(h)(3). Compl. at 10–13; *e.g.*, *Nexagen Networks, Inc.*, 124 Fed. Cl. at 653–54; *Mission Essential Pers., LLC*, 104 Fed. Cl. at 179.

True, Computer World believes it is not "try[ing] to relitigate the flaw evaluation but, instead, alleges that [the] DOJ's proposed corrective action is insufficient to remedy the agency's underlying error" of improperly comparing Computer World and Hygeia in the best-value evaluation. Computer World's Response at 2. As a remedy, Computer World wants the Court to order the DOJ to empanel new membership for the Task Order's technical evaluation panel. Compl. at 10–13. But Computer World is imagining wiggle room where none exists.

FASA "gives the [C]ourt *no* room to exercise jurisdiction over claims made" in connection with a task order. *SRA International, Inc.*, 766 F.3d at 1413 (emphasis added); *Percipient.ai, Inc.*, 104 F.4th at 847. This bar includes invalidating task order corrective actions—even the most insufficient or illegal agency action. *E.g.*, *Nexagen Networks, Inc.*, 124 Fed. Cl. at 653–54; *Mission Essential Pers., LLC*, 104 Fed. Cl. at 179; *see SRA International, Inc.*, 766 F.3d at 1413 ("[T]his statute . . . effectively eliminates all judicial review for protests made in connection with a procurement designated as a task order—perhaps even in the event of an agency's egregious, or even criminal, conduct."). Accordingly, the Court cannot "exert[]" its authority over Computer World's Task Order corrective action claims. *McNutt*, 298 U.S. at 189; *e.g.*, *SRA International, Inc.*, 766 F.3d at 1413; *Percipient.ai, Inc.*, 104 F.4th at 847.

Computer World's interpretation of *Percipient.ai* does not change this conclusion. *See* Computer World's Response at 5–6. In that case, the Federal Circuit only allowed Percipient.ai's claim to move forward because it attacked the agency's interpretations of its statutory obligations, and, crucially, did "not assert the wrongfulness of, or seek to set aside, any task order" or an agency's corrective action of a task order that was issued or pending. *Percipient.ai, Inc.*, 104 F.4th at 846–47. So, *Percipient.ai* is not the watershed moment that Computer World envisions. Not every agency task order action is now up for review. Only interpretations of agency statutory obligations disconnected from a pending or issued task order are up for grabs—an uncontroversial result given that "the interpretation of the meaning of statutes, as applied to justiciable controversies, [is] exclusively a judicial function." *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2258 (2024) (cleaned up). Had Computer World's claim been on the DOJ's failure to implement a specific obligation as it relates to empaneling technical evaluations committees generally, then perhaps *Percipient.ai*'s jurisdictional allowance would apply because it would involve the Court interpreting—and comparing the DOJ's application to—the statutory language. *Cf. Percipient.ai, Inc.*, 104 F.4th at 846–47.

But that case does not exist at present. Rather, Computer World simply seeks to reverse the DOJ's second proposed corrective action by empaneling new members on the technical evaluation panel, the body that decides Computer World and Hygeia's best-value determinations for this Task Order. *See* Compl. at 10–13. In other words, Computer World wishes the Court to exercise control over DOJ's corrective action in connection to the Task Order. The Court cannot

exert such control—an outright bar that *Percipient.ai* did not change. *See also SRA International, Inc.*, 766 F.3d at 1413.

All the above would still be true even if the DOJ had not recently re-awarded the Task Order to Hygeia upon completing implementation of the second corrective action. *See* Notice at 1. If the Court reached the merits and granted Computer World the relief it seeks, the Court would effectively rescind the Task Order award, because the DOJ would have to redo its corrective action and re-select the awardee. *See SRA International, Inc.*, 766 F.3d at 1414 ("Further demonstrating the connection between the waiver and issuance of [the task order] is the relief [plaintiff] seeks—*i.e.*, rescission of the task order's issuance. Though not necessarily dispositive, we agree that it supports the conclusion that [plaintiff ]'s protest is actually with the issuance of the task order, rather than the waiver alone." (emphasis added)). Obviously, to rescind the Task Order connects the relief to the Task Order itself. *Id.*

## IV.    Conclusion

Again, law should guide litigants. Its principles may not always be fair—but order, not fairness, is its goal. And the law has spoken here: Any claim in connection with the issuance or proposed issuance of a task order, including wanting to empanel a new technical evaluation committee, is beyond the Court's subject-matter jurisdiction and must, pursuant to RCFC 12(h)(3), be dismissed. *Id.* at 1413 ("The statutory language of FASA is clear and *gives the court no room to exercise jurisdiction over claims made*." (emphasis added)).

For that reason, defendant and defendant intervenor's Motions to Dismiss, ECF No. 21 and No. 22, respectively, are **GRANTED**. Computer World's complaint, ECF No. 1, is thus dismissed without prejudice. *Thoen v. United States,* 765 F.2d 1110, 1116 (Fed. Cir. 1985) (holding that the trial court erred when it dismissed a claim with prejudice for lack of jurisdiction).

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*
Loren A. Smith,
Senior Judge